UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| BARBARA SCHWAB, et al., individually; and on behalf of a class of all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> PHILIP MORRIS USA, INC., et al., <br><br> Defendants. | Case No. CV-04-1945 (JBW) (SMG) |

### PLAINTIFF'S STATEMENT OF UNCONTESTED MATERIAL FACTS IN SUPPORT OF PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR COLLATERAL ESTOPPEL AND PARTIAL SUMMARY JUDGMENT

Pursuant to Eastern District of New York Local Rule 56.1, Plaintiffs present the following uncontested facts in support of their Motion for Collateral Estoppel and Partial Summary Judgment:

1. On February 10, 1999, a California jury found for Patricia Henley in a suit against Philip Morris, Inc, the predecessor-in-interest of Defendant Philip Morris, USA, Inc.. Henley had smoked Marlboro, and then Marlboro Lights.

2. Henley had eight causes of action which included intentional misrepresentation, fraudulent concealment, and conspiracy to defraud, to wit, by concealment, suppression, or misrepresentation of the health effects of cigarette smoking. *Henley v. Philip Morris, Inc.*, 9 Cal. Rptr. 3d 29, 54 (Cal. Ct. App. 2004).

3. At the end of the trial, the jury was given a special verdict form. As to the conspiracy count, the verdict had the following three questions:

> Question No. 1: Did defendant, Philip Morris, and other tobacco companies enter into an agreement to conceal or suppress, or to misrepresent, information regarding the health effects of smoking?
>
> Question No. 2: Was such an agreement entered into with the intent on the part of defendant Philip Morris, and the other tobacco companies to defraud the public, including plaintiff?
>
> Question No. 3: Did defendant, Philip Morris, or other tobacco companies, pursuant to such agreement, conceal or suppress, or misrepresent, information regarding the health effects of cigarette smoking with the intent to defraud the public, including plaintiff?

See *Henley v. Philip Morris, Inc.*, No. 995172 (Ca. Super. Ct.), Special Verdict Form dated February 9, 1999 ("Special Verdict Form") (Attached hereto at Ex. 1). The jury checked "YES" as to each of the questions. *Id.* The jury also agreed that Ms. Henley did not know the information the conspirators acted to conceal, and that such concealment caused her damages. *Id.* The jury found for Ms. Henley on all eight theories of liability, and awarded compensatory and punitive damages in the amount of $51.2 Million. *Id.* at 54.

4.  Philip Morris moved for a new trial and for judgment notwithstanding the verdict on the grounds that the jury's punitive damages award was excessive. *Henley v. Philip Morris, Inc.*, No. 995172, 1999 WL 221076 (Cal. Ct. App. Apr. 6, 1999). The California Superior Court denied Philip Morris's motion for a judgment notwithstanding the verdict and granted in part and denied in part the motion for a new trial. *Id.* In his decision denying Philip Morris' judgment notwithstanding verdict, Judge Munter stated:

> By way of further example of the nature of Philip Morris' conduct, the evidence showed that in 1954 Philip Morris and other cigarette manufacturers caused extensive nationwide publicity to be given to a jointly promulgated and issued press release entitled "A Frank Statement to Cigarette Smokers" (Trial Exhibit 16-20). In that statement, which appeared in hundreds of major metropolitan newspapers across the country, the cigarette companies jointly represented to the American

2

> public that there was no agreement among authorities regarding what is the cause of lung cancer; that there was no proof that cigarette smoking is one of the causes; that the cigarette companies accept people's health as a basic responsibility, paramount to every other consideration in the business; that the cigarette companies believe that their cigarettes are not injurious to health; that the companies always have and always will cooperate closely with those whose task it is to safeguard the public health; that the companies pledged aid and assistance to the research effort into all phases of tobacco use and health; that these research activities would be supervised by distinguished and disinterested scientists of unimpeachable integrity and national repute; and, finally, that the statement was being issued because people were entitled to know where the cigarette companies stand on this matter and what they intend to do about it. In finding against Philip Morris on the plaintiff's claim of conspiracy, the jury apparently found that Philip Morris had no intent to perform these promises when made, and that it did not perform them thereafter. The jury likely found that, to the contrary, the research efforts were not objectively designed, performed or pursued, and that the public was not told what was known by, and became known to, Philip Morris about the health consequences of cigarette smoking. The evidence supported such findings.

*Henley*, 1999 WL 221076, at *3 (Cal. Ct. App. April 6, 1999).

5.  Philip Morris challenged the trial court's instructions on the conspiracy charge for its failure to inform jurors not to consider conduct after passage of the Federal Cigarette Labeling Act on July 1, 1969. *Henley*, 9 Cal. Rptr. 3d at 53. The Court of Appeals found Philip Morris fell "far short of demonstrating that an instruction barring liability for conspiracy to conceal after 1969 would probably have affected the outcome." *Id.* at 54. The court stated:

> The jury found for plaintiff on *all eight* legal theories embodied in the instructions ... The jury also found that defendant committed conspiracy to defraud by concealment, suppression, or misrepresentation of the health effects of cigarette smoking. Only one of these findings (conspiracy to commit fraudulent concealment) is affected by the alleged error before us, and it is only partially affected; a holding in defendant's favor would only mean the jury could not find for plaintiff on that theory on the basis of post-1969 conduct. On the face of the special verdict alone, it appears unlikely that such a limitation would have had any effect on the ultimate finding of liability.

*Id.* The court also rejected Philip Morris's appellate arguments that introduction of documents pertaining to the conspiracy after 1969 prejudiced the jury. *Id.* at 54-55. After reconsidering the evidence and Philip Morris's arguments, the court also found sufficient evidence existed to supported the jury's verdicts, including on the conspiracy to conceal count. *Id.* at 62 (emphasis added).

6.   After trial, Philip Morris filed several appeals at several appellate levels in California. *See, e.g., Henley v. Philip Morris, Inc.*, 88 P.3d 497 (2004) (petition to California Supreme court for further review); *Henley v. Philip Morris, Inc.*, 88 P.3d 497 (Cal. 2004) (deferring further action pending decision in another matter before the court); *Henley v. Philip Morris, Inc.*, 97 P.3d 814 (2004) (granting Henley's petition to dismiss appellate court's review). After losing them, Philip Morris successfully petitioned the Supreme Court of the United States for stay of remittitur pending disposition of the its petition for writ of certiorari. *Henley v. Philip Morris, Inc.*, 125 S. Ct. 376 (2004). On March 21, 2005, the United States Supreme Court denied Philip Morris's petition for writ of certiorari. *Philip Morris, Inc. v. Henley*, 125 S. Ct. 1640 (2005). Philip Morris has exhausted its appeals, and the *Henley* is a final decision.

7.   Philip Morris is a defendant in the instant action. As part of its RICO claims, Plaintiffs here allege that "the inception of the light cigarette fraud alleged herein can be traced to Defendants' decades-long Conspiracy to deceive the American public about the health effects of smoking in order to preserve and expand the market for cigarettes and maximize profits from the manufacture and sale of cigarettes." Second Am. Compl. ¶ 2.

4

Dated: July 22, 2005                              Respectfully submitted,

_____/s/_____
Michael D. Hausfeld
Herbert E. Milstein
Michael D. Hausfeld
Lisa M. Mezzetti
Paul T. Gallagher
Douglas J. McNamara
Benjamin D. Brown
James J. Pizzirusso
Brent W. Landau
Andrea L. Hertzfeld
COHEN, MILSTEIN, HAUSFELD
   & TOLL, P.L.L.C.
1100 New York Avenue, N.W.
Suite 500, West Tower
Washington, D.C. 20005
Phone: (202) 408-4600
Fax: (202) 408-4699

Burton H. Finkelstein
William P. Butterfield
Richard M. Volin
Hilary K. Ratway
FINKELSTEIN, THOMPSON
   & LOUGHRAN
1050 30th Street, N.W.
Washington, DC 20007
Phone: (202) 337-8000
Fax: (202) 337-8090

LEAD ATTORNEYS FOR PLAINTIFFS

OF COUNSEL

Jonathan Alpert
THE ALPERT LAW FIRM
5920 River Terrace
Tampa, FL 33604
Phone: (813) 223-4131
Fax: (813) 228-9612

David F. Sorenson
BERGER & MONTAGUE, P.C.
1622 Locust Street
Philadelphia, PA 19103
Phone: (215) 875-5705
Fax: (215) 875-4604

Van Bunch
BONNETT, FAIRBOURN,
  FRIEDMAN & BALINT, P.C.
57 Carriage Hill
Signal Mountain, TN 37377
Phone: (423) 886-9736
Fax: (602) 274-1199

Gary M. Farmer, Jr.,
FREEDLAND, FARMER,
  RUSSO & SHELLER
2665 Executive Park Dr., Suite 3
Weston, FL  33331
Phone: (954) 467-6400
Fax: (954) 670-2530

G. Martin Meyers
LAW OFFICES OF G. MARTIN MEYERS
35 West Main Street, Suite 106
Denville, NJ 07834
Phone: (973) 625-0838
Fax: (973) 625-5350

Lisa J. Rodriguez
TRUJILLO, RODRIGUEZ &
  RICHARDS, LLC
8 Kings Highway West
Haddonfield, NJ 08033
Phone: (856) 795-9002
Fax: (856) 795-9887

Thomas V. Urmy, Jr.
Edward F. Haber
SHAPIRO, HABER & URMY, LLP
53 State Street
Boston, MA 02109
Phone: (617) 439-3939
Fax: (617) 439-0134

Stephen Sheller
SHELLER, LUDWIG & BADEY
1528 Walnut Street, 3rd Floor
Philadelphia, PA 19102
Phone: (215) 790-7300
Fax: (215) 546-0942

Russell Smith
R. Bryan Nace
A. RUSSELL SMITH LAW OFFICE
503 Key Building
159 S. Main Street
Akron, Ohio 44308
Phone: (330) 434-7167
Fax: (330) 434-1795

Gerson Smoger
SMOGER & ASSOCIATES, L.L.P.
3175 Monterey Blvd., Suite 3
Oakland, CA 94602
Phone: (510) 531-4529
Fax: (510) 531-4377

Esther Berezofsky
WILLIAMS, CUKER & BEREZOFSKY
210 Lake Drive East, Suite 101
Cherry Hill, NJ 08002
Phone: (856) 667-0500
Fax: (856) 667-5133