FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT, E.D.N.Y.

★ SEP 2 1 2005 ★

BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

_____

)
BARBARA SCHWAB et al., individually and )  Civil Action No. CV 04-1945
on behalf of all others similarly situated, )
)
Plaintiffs, )
)
v. )  MEMORANDUM AND ORDER
)
PHILIP MORRIS USA, INC. et al., )
)
Defendants. )
_____)

JACK B. WEINSTEIN, Senior District Judge:

Defendants seek an immediate stay of all proceedings. Plaintiffs oppose. The stay is

denied.

On September 12 and 13 the parties argued a series of 23 motions, including those for

class certification, summary judgment and *Daubert* exclusions. Scores of briefs and tens of

thousands of pages of documents were submitted. The court reserved decision on all motions.

Shortly before the motions were to be argued plaintiffs served new materials for 11 of

plaintiffs' experts. Defendants objected on the grounds that this late service violated the

magistrate judge's scheduling orders and was unfair since defense papers and arguments had

been submitted without knowledge of these new submissions and the new contentions they

implied. The court agreed that oral argument without new discovery of the potential new

witnesses and their reports would make the scheduled arguments on the mass of papers already

submitted chaotic and unfair. Accordingly, on August 31, 2005 it ordered: "Proffered materials

regarding the following witnesses submitted after briefing of defendants for the motions

returnable on September 12, 2005 will not be considered on the motions: Dr. John Hauser, Judith Wilkenfeld, Matthew Myers, Laurence Tribe, Katherine Kinsella, Richard Redfern, Dr. Paul Slovic, Dr. Joel Cohen, Dr. Marvin Goldberg, Dr. Stanley Presser, Dr. John C. Beyer."

These new materials proffered by plaintiffs may bear on the merits of at least some of the critical pending motions, which cannot be decided on their merits without giving the parties a chance to depose these potential witnesses and to present countering information. If the case goes to trial this information may be required for a just decision on the merits. *See* Rule 1, Fed. R. Civ. P. (mandating that the Federal Rules of Civil Procedure "be construed and administered to secure the just, speedy, and inexpensive determination of every action.").

The magistrate judge has indicated that completion of discovery will require at least three months. He is respectfully directed to expedite completion of discovery, setting appropriate dates, including a final date for submissions on any pending motions.

The court will consider any papers submitted on pending motions in accordance with the magistrate judge's schedules and orders. No further oral argument will be entertained. On decision of the motions, the court intends to order a stay so that appropriate interlocutory appeals can go forward.

SO ORDERED.

Jack B. Weinstein

Dated: September 21, 2005
       Brooklyn, New York