UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT, E.D.N.Y.
★ SEP 23 2005 ★
BROOKLYN OFFICE

|  |  |
|---|---|
| BARBARA SCHWAB et al., individually and on behalf of all others similarly situated, | Civil Action No. CV 04-1945 |
| Plaintiffs, | MEMORANDUM AND ORDER ON SUFFICIENCY OF DEFENDANTS' EMPLOYEE-EXPERT REPORTS |
| v. |  |
| PHILIP MORRIS USA, INC. et al., |  |
| Defendants. |  |

JACK B. WEINSTEIN, Senior District Judge:

In this fraud action defendants Lorillard Tobacco Company and Liggett Group, Inc. have submitted expert reports authored by several of their employees that do not contain a complete statement of their opinions and the bases and reasons for those opinions. Plaintiffs move to strike these reports and bar these witnesses from testifying as experts at trial. They assert that the reports are insufficient under Rule 26(a)(2)(B) of the Federal Rules of Civil Procedure.

In terms, Rule 26(a)(2)(B) does not apply because these experts were not "retained or specially employed to provide expert testimony in the case [nor do their] duties as an employee of the party regularly involve giving expert testimony." Rule 26(a)(2)(B), Fed. R. Civ. P.

While the motion to exclude is denied, these experts' opinions are crucial to the case. For purposes of pretrial motions and a possible trial on the merits it is vital to have these employee experts' reports vetted on the same basis as are those of retained experts. The employee experts are specialists with critical knowledge.

The magistrate judge is respectfully requested to control discovery in accordance with this memorandum, treating all experts' reports, including those of defendants' employees, as if Rule 26(a)(2)(B) applied.

SO ORDERED.

/signed/
Jack B. Weinstein

Dated: September 22, 2005
Brooklyn, New York