UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| BARBARA SCHWAB et al., individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br>v.<br>PHILIP MORRIS USA, INC. et al.,<br><br>Defendants. | No. CV 04-1945 (JBW)<br><br>MEMORANDUM AND ORDER ON PLAINTIFFS' MOTION FOR COLLATERAL ESTOPPEL AND PARTIAL SUMMARY JUDGMENT |

JACK B. WEINSTEIN, Senior District Judge:

Plaintiffs move pursuant to Rule 56 of the Federal Rules of Civil Procedure to preclude Philip Morris from litigating anew a finding that it conspired with other tobacco companies to defraud the American public about the health effects of smoking, and for an order granting plaintiffs partial summary judgment on defendants' liability on this issue. *See* Pls.' Mot. (Docket No. 441). They rely primarily upon *Henley v. Philip Morris, Inc.*, No. 995172 (Ca. Super. Ct., San Francisco). There a jury found that defendant Philip Morris conspired with other tobacco companies to defraud the public by concealing, suppressing or misrepresenting information regarding the health effects of cigarette smoking. *See* Pls.' Mot., Ex. 1, *Henley v. Philip Morris, Inc.*, Spec. Verd. 8. Philip Morris appealed the verdict to the United States Supreme Court and lost. Plaintiffs contend that Philip Morris had a full and fair opportunity to litigate the issue in *Henley*; and, since the conspiracy alleged in *Henley* is identical to the conspiracy alleged in the instant action, they seek summary judgment on their claim that defendant Philip Morris conspired to violate RICO by misleading the public about the threats to health posed by smoking.

1

Assuming, without deciding, that the issues are the same in *Henley* and *Schwab*, it would not be consonant with the underlying fairness concerns that limit use of the collateral estoppel doctrine to apply it in the present case. *See Parklane Hosiery Co. v. Shore*, 439 U.S. 322, 330-331 (1979) (identifying situations where the use of offensive collateral estoppel might be unfair). First, the application to only one of many defendants would confuse the jury, making administration of the case difficult; second, the decision in a single plaintiff-defendant controversy based on state substantive personal injury law raises issues and requires tactics different from those in a class action potentially involving tens of millions of plaintiffs and scores of defendants based on a federal statute covering harm to property; and, third, the defendants have won so many of the tobacco cases that applying the rule of the Restatement according conclusive effect to the last of the series of litigations is inappropriate. *Cf., e.g.,* Restatement (Second) of Judgments § 15 cmt. c (applying rule in one defendant-one plaintiff cases); *Parklane Hosiery*, 439 U.S. at 300 n.14 (cautioning against applying collateral estoppel when the last judgment is inconsistent with prior judgments favoring the defendant).

There is, finally, the disquiet about the relationship between the federal RICO-mail fraud substantive rules and state consumer fraud law. This was expressed in this court's memorandum of June 6, 2005 which reads in part as follows:

> [T]he court reads plaintiffs' present claims as based on a simple RICO-federal-mail-wire-fraud concept rather than on state substantive consumer fraud law. Nevertheless, the court is not clear on the relationship between the two sets of fraud laws—federal and state. Can, and if so should, the instant class action exclude fraud claims based on the consumer fraud law of jurisdictions such as that in *Price* [*v. Philip Morris, Inc.*, No. 00-L-112 (Ill. Cir. Ct.)] and other such suits commenced and not yet commenced? Can the damages for a single fraud transaction

2

> (no matter how extensive) be recovered both under non-state RICO substantive federal mail-wire fraud law *and* under state fraud and other law?
>
> Does a loss by defendant under state consumer fraud law, as in *Price*, which is arguably essentially the same as RICO-federal-mail-wire-fraud substantive law in its primary elements, have a collateral estoppel effect preventing the losing defendant from contesting the same elements of the RICO fraud claim?
>
> What, if any, collateral estoppel effect would there be in a loss by defendants in the RICO case by the government in *United States v. Phillip Morris*, 99-CV-02496 (D.D.C.)? *See, e.g., Parklane Hosiery Co. v. Shore*, 439 U.S. 322 (1979) (offensive collateral estoppel).
>
> Does a win by plaintiffs under either federal or state law result in precluding another claim based on the same fraud under the other law? Thus, for example, if *Price* stands up on appeal, would sales of light cigarettes in Illinois during the Illinois conspiracy period be excluded from the recovery base in the instant case? *See, e.g., Beck v. Levering*, 947 F.2d 639 (2d Cir. 1991) (collateral estoppel and double recovery); *LaFleur v. Whitman*, 300 F.3d 256, 271 (2d Cir. 2002) (choice of law in collateral estoppel); *Bajwa v. Metropolitan Life Ins. Co.*, 208 Ill.2d 414 (2004) (Illinois collateral estoppel rule). Would the Illinois class have to be carved out of the present RICO class (as it appears to be in paragraph 32 of the first amended complaint)?

Mem. 4 (Docket No. 306).

The responses of the parties to the above questions have not provided satisfactory reasons for applying or not applying collateral estoppel. Under the circumstances, caution would suggest leaving the matter to the jury.

The motion is denied.

SO ORDERED.

Jack B. Weinstein

Dated: September 27, 2005
Brooklyn, New York

3