FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT, E.D.N.Y.
★ OCT 12 2005 ★
BROOKLYN OFFICE

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| BARBARA SCHWAB et al., individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>PHILIP MORRIS USA, INC. et al.,<br><br>Defendants. | No. CV 04-1945 (JBW)<br><br>MEMORANDUM AND ORDER ON PLAINTIFFS' MOTION RE EXISTENCE OF DEFENDANTS' CONSPIRACY |

JACK B. WEINSTEIN, Senior District Judge:

Pursuant to Federal Rule of Civil Procedure 56 and Federal Rule of Evidence 104(a), plaintiffs move for an order that there is no substantial controversy over the defendants' association with and participation in an enterprise that included a conspiracy to mislead the public about smoking and health. Alternatively, plaintiffs request that the court preclude defendants from introducing evidence that denies that they were so associated. *See* Pls.' Mot. (Docket No. 491).

Defendant British American Tobacco (Investments) Limited ("BATCo") opposes on the grounds that the origins of the alleged scheme to defraud do not include BATCo; plaintiffs' own witnesses have testified that BATCo was not a member of the alleged "Gentlemen's Agreement"; and the alleged "lights" fraud and conspiracy do not include BATCo since BATCo did not conceal either the limitations of machine measurements of tar and nicotine or the phenomenon of compensation and, in fact, published on those areas. *See* Def. BATCo's Mem. 2 (Docket No.

1



535). Like claims were alleged and tried against BATCo in this court in *Blue Cross Blue Shield of New Jersey v. Philip Morris, Inc.*, 98 CV 3287 (E.D.N.Y.) ("BCBS"); the jury in that case did not find BATCo liable on those claims. 6/4/01 BCBS Tran. at 8409:24-8411:10 (transcription of jury's verdict), Def. BATCo's Mem. Ex.1 (Docket No. 535).

Defendant Liggett Group, Inc. ("Liggett") opposes on the grounds that it was not a party to the events that plaintiffs allege form the basis of the conspiracy and that it conducted research from the 1950s on into smoking and health issues and shared the results of that research with the United States government. *See* Def. Liggett's Mem. 2 (Docket No. 637).

All defendants oppose on the fundamental ground that substantial issues of material fact remain to be resolved on all issues relevant to the motion.

The motions are unsupportable. Discovery is not complete. Additional information strengthening defendants' positions may be forthcoming. In any event, the present record shows substantial evidence on both sides of the question making it likely that this issue will be one for a jury, should the case be tried. Evidence already submitted by both sides would be relevant and admissible; an *in limine* order of preclusion is inappropriate.

The motions are denied.

SO ORDERED.

Jack B. Weinstein
Senior United States District Judge

Dated: September 26, 2005
Brooklyn, New York

2