FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT, E.D.N.Y.
★ OCT 12 2005 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

---

BARBARA SCHWAB et al., individually and ) No. CV 04-1945 (JBW)
on behalf of all others similarly situated, )
)
Plaintiffs, ) MEMORANDUM AND ORDER ON
v. ) BRITISH AMERICAN TOBACCO PLC'S
) MOTION TO DISMISS FOR LACK
PHILIP MORRIS USA, INC. et al., ) OF PERSONAL JURISDICTION
)
Defendants. )

---

JACK B. WEINSTEIN, Senior District Judge:

Claiming violations of § 1962(c) and 1962(d) of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1961 et seq., plaintiffs contend that British American Tobacco p.l.c. ("PLC") materially participated in an enterprise with the other defendants in this case to commit fraud upon American smokers. Pls.' Sec. Am. Compl. ("Compl.") ¶ 25 (Docket No. 95). PLC moves to dismiss. See Def. PLC's Mem. (Docket No. 444).

PLC is a British holding company incorporated in 1997; it did not exist in any form before then. The conspiracy alleged by plaintiffs dates from the late 1950s. There is no evidence that PLC joined or participated in a conspiracy that antedates its creation. PLC has never made, marketed or sold cigarettes. As a result of a 1998 corporate reorganization, PLC became the ultimate parent company of British American Tobacco Industries p.l.c. ("B.A.T. Industries") and its subsidiaries, including Brown & Williamson Tobacco Corporation and British American Tobacco (Investments) Limited ("BATCo"). Both of these subsidiaries are named defendants in this case.



1

PLC is not the successor to B.A.T. Industries. In the 1998 restructuring, PLC did not assume or succeed to any liabilities of B.A.T. Industries or otherwise become liable for B.A.T. Industries' conduct under a theory of successor liability. *See* Restatement (Third) of Torts: Product Liability § 12 (discussing when successor liability attaches). B.A.T. Industries continues to exist today.

Plaintiffs' allegations that PLC substantially participated in the management and control of Brown & Williamson are unsupported. There is no evidence that PLC exercised dominion or control over Brown & Williamson. Rather, appropriate corporate formalities between PLC and its subsidiaries were observed; PLC and its subsidiaries have operated as separate and distinct corporate entities.

In a letter dated August 12, 2005 (Docket No. 517), the parties informed the court that by stipulation PLC would be dismissed from the action and B.A.T. Industries would be substituted as a defendant. In *Falise v. American Tobacco Co.*, No. 99-CV-7392 (E.D.N.Y.), *Raymark Industries, Inc. v. American Tobacco Co.*, No. 98-CV-675 (E.D.N.Y.) and *H.K. Porter Co., Inc. v. American Tobacco Co.*, No. 97-CV-7658 (E.D.N.Y.), this court granted summary judgment to plaintiffs on the issue of personal jurisdiction over B.A.T. Industries. In a stipulation and proposed order, the parties here agreed to apply this court's orders in those past cases as though they were issued in the present case, Stip. & Order ¶ 6 (Docket No. 517), with B.A.T. Industries reserving its appellate rights with respect to those orders. *Id.* ¶ 7. The court adopts that proposed order.

In *Simon v. Philip Morris*, 86 F. Supp. 2d 95 (E.D.N.Y. 2000) and *Nat'l Asbestos Workers Medical Fund v. Philip Morris, Inc.*, 86 F. Supp. 2d 137 (E.D.N.Y. 2000), among other

2

cases, this court denied B.A.T. Industries' motions for dismissal based on the evidence submitted by plaintiffs in those cases. B.A.T. Industries does not challenge those rulings now. Def. PLC's Mem. 3 n.2 (Docket No. 444).

In view of the stipulation there is no need to consider the applicability of New York Civil Practice Law and Rules § 302(a)(3) upon which plaintiffs relied for jurisdiction over PLC. PLC's motion to dismiss is granted. B.A.T. Industries remains in the case.

SO ORDERED.

Jack B. Weinstein

Dated: September 26, 2005
Brooklyn, New York