FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT, E.D.N.Y.
★ OCT 17 2005 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

---

BARBARA SCHWAB et al., individually and ) No. CV 04-1945 (JBW)
on behalf of all others similarly situated, )
)
           Plaintiffs, ) MEMORANDUM AND ORDER
) ON PLAINTIFFS' MOTION RE
v. ) "COMPLIANCE WITH PUBLIC
) HEALTH COMMUNITY" DEFENSE
PHILIP MORRIS USA, INC. et al., )
)
           Defendants. )

---

JACK B. WEINSTEIN, Senior District Judge:

    Pursuant to Rule 56 of the Federal Rules of Civil Procedure, plaintiffs seek an order that there is no genuine issue of material fact as to the following: that the defendants did not act in compliance with the directives of the public health community in designing, manufacturing and marketing defendants' "low tar" products. Alternatively, plaintiffs request that the court preclude defendants from introducing evidence to contradict that allegation. It is their contention that defendants' claim of compliance with the public health community's views is contradicted by their failure to adhere to the public health community's desires with respect to "low tar" or "light" cigarettes. *See* Pls.' Br. (Docket No. 465).

    Defendants contend that they acted in compliance with the public health community's recommendations in developing a Federal Trade Commission-measured low tar and low nicotine cigarette and that they did not withhold relevant information regarding health issues from the FTC or the public health community. *See* Defs.' Br. (Docket No. 537). Defendant British American Tobacco (Investments) Limited ("BATCo") has submitted a separate brief in

-1-

opposition claiming that this court is without subject matter jurisdiction to adjudicate plaintiffs' claims based on its membership in foreign trade associations. *See* BATCO Br. (Docket No. 533). Defendant Liggett Group, Inc. opposes on the ground that plaintiffs' motions are particularly misplaced with respect to Liggett, which has been more forthcoming about smoking health issues than other defendants. *See* Liggett Br. (Docket No. 648).

The evidence of the relationship among defendants, plaintiffs, various components of the health community and governmental agencies on smoking health issues is extraordinarily extensive and covers many years. It is subject to a variety of interpretations by a reasonable trier of fact. Discovery is yet incomplete. Any restriction on relevant proof at this stage of the litigation is premature and unwarranted.

BATCo's separate argument that this court lacks jurisdiction over plaintiffs' claims against it is rejected. BATCo cites *North South Fin. Corp. v. Al-Turki*, 100 F.3d 1046 (2nd Cir. 1996) for the proposition that RICO plaintiffs must demonstrate that a defendant's foreign conduct had direct and substantial adverse effects within the United States for jurisdiction to obtain; that case does not so hold. First, the "direct and substantial effects" test that BATCo advances is a combination of alternative jurisdictional tests under the antitrust and securities laws. *See Al-Turki* at 1051 (describing the two tests). Second, the Court of Appeals for the Second Circuit made no ruling on the applicability of either those tests under RICO. "[S]pecifying the test for the extraterritorial application of RICO is delicate work. That work has not been done, but we need not do it now." *Al-Turki*, 100 F.3d at 1052. Plaintiffs have alleged that BATCo participated in a conspiracy to manipulate the public health community's institutions in order to prevent American smokers from learning the truth about "light" cigarettes. *See* Pls.' Br. (Docket No. 465). The court has jurisdiction over these claims.

Use of BATCo's alleged lobbying activities abroad may implicate the First Amendment right to petition government. If so, this may be considered *in limine* with respect to specific items of evidence offered by plaintiffs should the case go to trial.

Plaintiffs' motions are denied as to all defendants.

SO ORDERED.

Jack B. Weinstein
Senior United States District Judge

Dated: September 26, 2005
Brooklyn, New York

-3-