FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT, E.D.N.Y.
★ OCT 17 2005 ★
BROOKLYN OFFICE

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| BARBARA SCHWAB et al., individually and on behalf of all others similarly situated, | No. CV 04-1945 (JBW) |
| Plaintiffs, | MEMORANDUM AND ORDER ON PLAINTIFFS' MOTION RE "FTC DEFENSE" |
| v. | |
| PHILIP MORRIS USA, INC. et al., | |
| Defendants. | |

JACK B. WEINSTEIN, Senior District Judge:

Plaintiffs move pursuant to Rule 56 of the Federal Rules of Civil Procedure and Rule 104(a) of the Federal Rules of Evidence for an order that there is no genuine issue of material fact as to the following: (1) that the Federal Trade Commission ("FTC") did not require defendants to disclose tar and nicotine levels in advertising and packaging; (2) that the FTC did not approve the "lights" descriptor, and (3) that the FTC did not define the "lights" descriptor. Alternatively, plaintiffs request that the court preclude defendants from raising as an affirmative defense that they were acting pursuant to FTC regulation in using the "lights" descriptor or disclosing tar and nicotine information in advertising or packaging, or introducing evidence to that effect. They contend that the FTC has never taken an official position regarding the "lights" descriptor and that it has not recognized, approved of or defined this descriptor. Pls.' Br. (Docket No. 449).

It is defendants' position in opposition that the FTC, directly and indirectly, authorized

-1-

descriptors such as "low tar" and "lights," that "lights" is a synonym for "low tar" and that the FTC, in effect, defined "low tar" by publishing the amount of tar "imbibed" by the FTC's approved smoking machine for defendants' cigarette brands. Defs.' Br. (Docket No. 574).

The relationship of "tar" to "lights" and the history of FTC action on the subject pervades the lawsuit. The jury could not understand and decide critical issues were plaintiffs' summary judgment motion or alternative motion granted in whole or in part. Evidence bearing on the issue is capable of inferences supporting either side's views.

The motions are denied.

SO ORDERED.

Jack B. Weinstein
Senior United States District Judge

Dated: September 26, 2005
Brooklyn, New York