FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT, E.D.N.Y.
★ OCT 17 2005 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

---

BARBARA SCHWAB et al., individually and on behalf of all others similarly situated,

Plaintiffs,

v.

PHILIP MORRIS USA, INC. et al.,

Defendants.

No. CV 04-1945 (JBW)

MEMORANDUM AND ORDER ON PLAINTIFFS' MOTION RE "COMPENSATION" DEFENSE

JACK B. WEINSTEIN, Senior District Judge:

In this cigarette fraud case plaintiffs move for summary judgment, or in the alternative, for *in limine* orders restricting defendants' compensation defense. The motion and alternative motion are denied. The issues respecting compensation are central to the case and should be aired before a jury if there is a trial.

Compensation refers to the techniques used by smokers to increase their intake and retention of tar and nicotine in cigarettes. They can do this, among other ways, by inhaling smoke more deeply into their lungs and holding it there longer; covering up the holes in cigarette papers designed to reduce ingestion of tar; smoking more cigarettes; and smoking more of each cigarette to reduce the filtering action of the unsmoked tobacco. Whether and when smokers were aware of the effect of these techniques is strongly contested.

Plaintiffs seek immediate relief in the form of an order that there is no genuine issue of material fact as to the following: (1) that smokers did not understand the phenomenon of compensation; (2) that, inconsistent with an understanding of compensation, smokers believed

-1-

that "light" cigarettes were healthier than regular cigarettes; (3) that defendants intentionally concealed information concerning compensation from smokers; (4) that defendants designed cigarettes that exploited smokers' tendency to compensate; and (5) that whether compensation is "complete" is immaterial to the viability of a fraud claim. Alternatively, plaintiffs request an order precluding defendants from introducing evidence (1) that the public was aware of the phenomenon of compensation and (2) relying on the theory that no fraud claim can exist unless compensation was "complete." Pls.' Mot. (Docket No. 467).

Defendants strongly urge that the compensation issue is relevant and that the phenomenon was well known to smokers of "light" cigarettes and thus that there was no fraud. Defs.' Br. (filed under seal).

The evidence pointed to by both sides, and the argument of September 12 and 13, 2005, indicates that a reasonable person could draw conclusions supporting either side's view. This evidence may be considered by a jury, if there is a trial, when it decides whether defendants' use of the word "lights" in vending their reduced tar cigarettes was fraudulent.

The motions are denied.

§O ORDERED.

Jack B. Weinstein
Senior United States District Judge

Dated: September 26, 2005
Brooklyn, New York

-2-