

# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF NEW YORK

BARBARA SCHWAB et al., individually and on behalf of all others similarly situated,

Plaintiffs,

v.

PHILIP MORRIS USA, INC. et al.,

Defendants.

No. 04-CV-1945 (JBW)

MEMORANDUM AND ORDER ON OBJECTIONS TO MAGISTRATE JUDGE'S DISCOVERY ORDERS

JACK B. WEINSTEIN, Senior United States District Judge:

In this tobacco class action, the magistrate judge has resolved discovery disputes between the parties concerning: 1) the scope of an expert's disclosure obligations under Federal Rule of Civil Procedure 26 and 2) plaintiffs' right to take depositions of some current and former CEOs of defendant corporations. Plaintiffs appeal.

## I. Facts

### A. Expert Disclosure

Plaintiffs initially retained Dr. John Hauser to offer his expert opinions as to "the value and importance of health risks to 'light' cigarette consumers in their decision to purchase a 'light' cigarette." Expert Witness Report of Dr. John R. Hauser, Aug. 22, 2005, at 4. Dr. Hauser conducted a survey using a methodology known as "web-based conjoint analysis" to reach his conclusions, and submitted an expert report on August 22, 2005. *Id.* at 7.



Subsequently, this court inquired if "plaintiffs' experts might develop a model showing how many smokers of 'light' cigarettes were ignorant of the alleged fraud in each relevant year." Mem. & Order of Oct. 6, 2005 (discussing statue of limitations). Plaintiffs then asked Dr. Hauser to conduct a second survey in an attempt to explore this issue.

After attempting to conduct the second survey, Dr. Hauser submitted a second expert report that is identical to the first expert report except for a single footnote which indicates the expert's reluctance to develop this new survey and model. It reads:

> In response to a ruling by the court on the issue of statute of limitations, counsel for Plaintiffs also asked me to conduct a test survey to determine whether accurate dates could be obtained from respondents regarding when they first learned that light cigarettes are no less harmful than regular cigarettes, and when they first learned that the cigarette companies had defrauded them. After attempting to conduct such a survey, I have concluded that I would have little confidence that the responses would be sufficiently accurate. I do not rely on any such survey as part of my expert opinions in this case.

Expert Witness Report of Dr. John R. Hauser, Dec. 19, 2005, at 4, n. 2.

The magistrate judge granted defendants' motion to compel disclosure of all materials related to Dr. Hauser's attempted second survey.

### B. Depositions of CEOs

Plaintiffs have repeatedly sought leave to depose several current and former chief executive officers of defendant corporations. This court has ruled that the knowledge and opinions of the CEOs are not relevant to a determination of the motions before the court, but that their depositions could be taken shortly before they were called to testify at trial. *See, e.g.*, Tr. of Nov. 7, 2005, at 9:25-10:4 (defendants' knowledge of the fraud "has been litigated over and over

again"; to resolve the pending motions, class counsel must establish "the knowledge . . . of your plaintiffs and what they thought and why they bought cigarettes."). No trial date has been set. Relying on the court's prior rulings, the magistrate judge denied plaintiffs' renewed motion to compel the CEOs to give their depositions before trial.

## II. Standard of Review

Federal Rule of Civil Procedure 72(a) provides for deferential review of a magistrate judge's determinations. "The district judge to whom the case is assigned . . . shall modify or set aside any portion of the magistrate judge's order found to be *clearly erroneous or contrary to law.*" Fed. R. Civ. P. 72(a) (emphasis supplied). Accordingly, the magistrate judge's order is reviewed for clear error. *See Thomas E. Hoar, Inc. v. Sara Lee Corp.*, 900 F.2d 522, 525 (2d Cir. 1990) (finding that matters involving pretrial discovery are generally considered "nondispositive of the litigation" and thus are subject to the "clearly erroneous or contrary to law standard" on review by a district court).

## III. Scope of Expert's Disclosure Obligations

### A. Law

A *testifying expert* is required to file a report that must contain "a complete statement of all opinions to be expressed and the basis and reasons therefor; the data or other information *considered* by the witness in forming the opinions; [and] any exhibits to be used as a summary of or support for the opinions . . . ." Fed. R. Civ. P. 26(a)(2)(B) (emphasis supplied). Under Rule 26(a)(2)(B), the requirement of disclosure applies not only to information actually relied upon by

3

a testifying expert, but also to information that was not relied upon, but considered by the expert. *See Constr. Indus. Servs. Corp. v. Hanover Ins. Co.*, 206 F.R.D. 43, 50 (E.D.N.Y. 2001) ("[D]ocuments and information disclosed to a testifying expert in connection with his testimony are discoverable by the opposing party, whether or not the expert relies on the documents and information in preparing his report.") (quoting *In re Pioneer Hi-Bred Int'l, Inc.*, 238 F.3d 1370,1375 (Fed. Cir. 2001)). The advisory committee notes to the rule explain the lack of a reliance requirement:

> The [expert] report is to disclose the data and other information considered by the expert and any exhibits or charts that summarize or support the expert's opinions. Given this obligation of disclosure, litigants should no longer be able to argue that material furnished to their experts to be used in forming their opinions—*whether or not ultimately relied upon by the expert*—are privileged or otherwise protected from disclosure when such persons are testifying or being deposed.

Fed. R. Civ. P. 26(a)(2) advisory committee's note (emphasis supplied).

A *non-testifying expert*, by contrast, "is generally immune from discovery." *Chiquita Int'l Ltd. v. Reefer*, No. 93 Civ. 0167, 1994 U.S. Dist. LEXIS 5820, at *2 (S.D.N.Y. May 6, 1994). Under Rule 26(b)(4)(B), "[a] party may . . . discover facts known or opinions held by an expert who has been retained . . . in anticipation of litigation or preparation for trial and who is not expected to be called as a witness at trial, only as provided in Rule 35(b) or upon a showing of exceptional circumstances . . . ." Fed. R. Civ. P. 26(b)(4)(B).

A single expert can be both a testifying expert, subject to the disclosure requirements of Rule 26(a)(2)(B) regarding some issues, and a consulting expert, not subject to discovery regarding other issues. *See B.C.F. Oil Ref., Inc. v. Consol. Edison Co.*, 171 F.R.D. 57, 61 (S.D.N.Y. 1997) ("It is conceivable that an expert could be retained to testify and in addition to

4

advise counsel outside of the subject of his testimony. Under such a circumstance it might be possible to claim a work product privilege if this delineation were clearly made." (quoting *Beverage Market v. Ogilvy & Mather*, 563 F. Supp. 1013, 1014 (S.D.N.Y. 1983)).

The party resisting disclosure bears the burden of showing that an expert did not consider certain documents in forming his opinion; this burden cannot generally be satisfied by the expert's representations alone. *See B.C.F. Oil Ref., Inc.*, 171 F.R.D. at 62 ("Defendant should not have to rely on plaintiffs [sic] representation that these documents were not considered by the expert in forming his opinion."). The burden is met when the documents could not have been considered by the expert in forming his opinion, as when they are reviewed by the expert only after he has testified. *See Aktiebolag v. Andrx Pharm., Inc.*, 208 F.R.D. 92, n. 12 (S.D.N.Y. 2002). It can also be met when the party opposing disclosure presents the court "with affidavits and deposition testimony 'clearly establishing' that the testifying witness never read, reviewed, or considered the subject documents in forming his opinions." *United States Fidelity & Guar. Co. v. Braspetro Oil Servs. Co.*, No. 97 Civ. 6124, 2002 WL 15652, at *7 (S.D.N.Y. Jan. 7, 2002) (citation omitted). If documents reviewed by an expert in his role as a consultant appear to also inform his expert report supporting his proposed testimony, they are subject to discovery. *See B.C.F. Oil Ref., Inc.*, 171 F.R.D. at 62 (holding that only "documents having *no relation* to the expert's role as an expert need not be produced" (emphasis supplied)). Any uncertainty about "the role played by the expert when reviewing or generating documents should be resolved in favor of the party seeking discovery." *Id.*

5

## B. Application of Law to Facts

Dr. Hauser was retained by plaintiffs as a testifying expert. In this capacity he conducted a survey to determine the "value and importance of health risks to 'light' cigarette consumers in their decision to purchase a 'light' cigarette." Expert Report of Aug. 22, 2005, at 4. Later, Dr. Hauser attempted to conduct a second survey in order to determine when consumers learned that light cigarettes were no less harmful than regular cigarettes. Plaintiffs argue that this second survey was conducted by Dr. Hauser as a consulting expert and not as a testifying expert.

Though it is theoretically possible to distinguish between an expert testifying and consulting, in practice, "the delineation between those roles . . . become[s] blurred" when an expert "review[s] documents in his role as an expert that he previously had reviewed in his role as consultant[.]" *B.C.F. Oil*, 171 F.R.D. at 61. That overlap exists here: Dr. Hauser conducted a survey as a "consultant," the results of which he then reviewed and decided not to incorporate in a report drafted in his role as a testifying expert. Where ambiguity exists in the role played by an expert, the rule favors disclosure. *Id.* at 62. Adverse material reviewed and rejected by an expert bears on his credibility, the soundness of his techniques, and the weight to be given his conclusions. It may be relevant to the court's decision whether to qualify under *Daubert*.

The magistrate judge properly held that both surveys "have to do essentially with smokers' perceptions of the relative health risk of light cigarettes and regular cigarettes. Thus Dr. Hauser's attempted survey clearly bears some relation to the matters about which plaintiffs intend to have him testify . . . ." Tr. of Feb 27, 2006, at 56-57. Even if the relationship between the two surveys was unclear, the magistrate judge's finding was not "clearly erroneous" because "any ambiguity as to the role played by the expert when reviewing or generating documents

6

should be resolved in favor of the party seeking discovery." *See B.C.F. Oil*, 171 F.R.D. at 62.

Also advanced is a temporal argument: Dr. Hauser did not conduct the second survey until after he completed his first expert report; thus the survey did not affect his new report, which is almost identical to his initial one. Plaintiffs fail to demonstrate that Dr. Hauser did not consider the second survey in reaffirming his original opinion. The footnote referred to above in the second report is revealing. Since his opinions did not change as a result of the second survey, Dr. Hauser did not *rely* on the survey in forming his expert opinions. Yet Dr. Hauser's second expert report indicates that he *considered* the second survey and "concluded that [he] would have little confidence that the responses would be sufficiently accurate." Expert Report of Dec. 19, 2005, at 4, n. 2. Because he considered the second survey, it must be disclosed, even though he did not change his expert opinions in reliance on it. The magistrate judge's conclusion is a sensible interpretation of the facts and law.

## IV. Depositions of CEOs

### A. Law

Rule 26(b) of the Federal Rules of Civil Procedure describes the scope of, and limitations on, discovery in civil litigation. It provides:

> (1) In General. Parties may obtain discovery regarding any matter, not privileged, that is *relevant to the claim or defense of any party*. . . . For good cause, the court may order discovery of any matter *relevant* to the subject matter involved in the action. *Relevant information* need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence. All discovery is subject to the limitations imposed by Rule 26(b)(2)(i), (ii), and (iii).

7

Fed. R. Civ. P. 26(b) (emphasis supplied). "Relevance" under the Rule "has been construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351, 98 S. Ct. 2380, 2389 (1978). *See also Thomas E. Hoar, Inc. v. Sara Lee Corp.*, 882 F.2d 682, 687 (2d Cir. 1989) ("The broad scope of discovery delimited by the Federal Rules of Civil Procedure is designed to achieve disclosure of all the evidence relevant to the merits of a controversy.").

Discovery regarding a matter that will not be useful in considering the issues before the court is inappropriate. *See, e.g., Fonseca v. Regan*, 734 F.2d 944, 948-9 (2d Cir. 1984) (reversing district court decision requiring discovery of ownership of currency where the "real matter at issue in this case is [plaintiff's] right to possession"; "[o]wnership of the currency is not the issue in this case."); *cf. Oppenheimer Fund*, 437 U.S. at 352 ("[I]t is proper to deny discovery of matter that is relevant only to claims or defenses that have been stricken, . . .").

## B. Application of Law to Facts

The knowledge and opinions of the CEOs are not relevant to any disputed issue before the court on pending motions—for class certification and summary judgment on grounds of lack of causation, injury, and damages. The central question in the pending motions is whether plaintiffs will be able to demonstrate whether and when a significant portion of the class relied upon defendants' allegedly fraudulent representations. The knowledge of the CEOs—while highly pertinent to trial, where defendants' culpability is at stake—has no bearing on class members' reliance. The court and the magistrate judge have so held, and nothing has changed.

8

If the case proceeds to trial, plaintiffs will have an opportunity to take the requested depositions. *See* Tr. of May 26, 2005, at 60:8-11 ("I don't want these CEOs bothered unless it's absolutely necessary. If he has to come and sit [for trial], you will take his deposition then. You have enough on him already to go with your plans for the case."); *see also, id.* at 58:8-12 (indicating that plaintiffs would have the opportunity to depose defendants' CEOs shortly before they testify at trial).

## V. Conclusion

Plaintiff's objections to the magistrate judge's orders are overruled. The magistrate judge is respectfully requested to bring discovery to its close at the earliest possible time so that the pending dispositive motions can be decided.

SO ORDERED,

Jack B. Weinstein
Senior United States District Court Judge

Dated: March 20, 2006
Brooklyn, New York