Page 1

```
 1                    UNITED STATES DISTRICT COURT
                      EASTERN DISTRICT OF NEW YORK
 2
 3    - - - - - - - - - - - - - - - X
                                              CV 04-1945
 4    BARBARA SCHWAB, et al.,
 5               Plaintiffs,
 6               v.                     United States Courthouse
                                        Brooklyn, New York
 7    PHILIP MORRIS, et al.,
 8                                      May 26, 2005
                 Defendants.            2:10 p.m.
 9
      - - - - - - - - - - - - - - - X
10
11               TRANSCRIPT OF PROCEEDINGS
                 BEFORE THE HONORABLE JACK B. WEINSTEIN
12               UNITED STATES DISTRICT JUDGE
13
      APPEARANCES:
14
      For the Plaintiffs:    COHEN, MILSTEIN, HAUSFELD & TOLL
15                           1100 New York Avenue, N.W.
                             Washington D.C. 20005
16                           BY:  MICHAEL D. HAUSFELD, ESQ.
                                  BRENT W. LANDAU, ESQ.
17                                JAMES J. PIZZIRUSSO, ESQ.
18    For the Defendants:    ARNOLD & PORTER LLP
                             555 Twelfth Street, N.W.
19                           Washington, D.C. 20004
                             For Philip Morris
20                           BY:  MURRAY R. GARNICK, ESQ.
                                  JUDITH BERNSTEIN-GAETA, ESQ.
21
22                           GREENBERG TRAURIG
                             885 Third Avenue
23                           New York, N.Y. 10022
                             For Lorillard
24                           BY:  ALAN MANSFIELD, ESQ.
                                  JOANNE MAUREEN MCLAREN, ESQ.
25
```

Page 2

```
 1    JONES DAY REAVIS & POGUE
      901 Lakeside Avenue
 2    Cleveland, Ohio 44114
      For R.J. Reynolds
 3    BY: MARK A. BELASIC, ESQ.
 4    CHADBOURNE & PARKE LLP
      For British American Tobacco
 5    30 Rockefeller Plaza
      New York, N.Y. 10112
 6    BY: JOSEPH G. FALCONE, ESQ.
 7    KASOWITZ, BENSON TORRES & FRIEDMAN
      For Liggett
 8    1633 Broadway
      New York, N.Y. 10019
 9    BY: LEONARD A. FEIWUS, ESQ.,
          JULIE R. FISCHER, ESQ.
10
    Court Reporter:    Burton H. Sulzer
11                     225 Cadman Plaza East
                       Brooklyn, New York 11201
12                     (718) 260-4526
                       Fax (718) 260-4504
13
14
    Proceedings recorded by mechanical stenography, transcript
15  produced by CAT.
```

Page 3

1 THE COURT: Thank you for coming into Brooklyn on
2 this bleak afternoon. Nice to see so many distinguished
3 counsel.
4 (Case called.)
5 THE COURT: We have a number of motions by either
6 side, right?
7 MR. HAUSFELD: I think the only motions
8 technically before you, your Honor, are the appeals from
9 magistrate's decision with regard to the CEOs, which is
10 plaintiff's appeal, and then the appeal with respect to the
11 taking of the depositions of the absent class members.
12 There are a number of other motions, I think, where
13 the appeals have been filed but the briefing technically has
14 not been completed, but the plaintiffs are prepared to
15 respond or address those motions, if the court is able to
16 hear them.
17 THE COURT: All right.
18 MR. GARNICK: Your Honor, Murray Garnick, Philip
19 Morris. I would like to clarify that.
20 When plaintiff said the motion with respect to
21 absent class members, I believe he meant withdrawn class
22 representatives. The absent class members motion that the
23 plaintiffs filed two days ago we have not had a chance to
24 respond to and is not technically before your Honor. The
25 withdrawn class representative motion has been briefed and is

Page 4

1 before the court.
2 THE COURT: I have five items: The May 12 order
3 granting defendants' motion to take deposition of withdrawn
4 class representatives. That is on appeal before me. May 12
5 order directing the defendants' CEOs to give pretrial
6 depositions, that is before me. Correct?
7 MR. HAUSFELD: Yes.
8 THE COURT: The defendants' object to the
9 magistrate judge's order of May 6 denying the defendants'
10 motion to take the deposition of a limited number of named
11 plaintiffs' friends and family members -- is that before me?
12 MR. MANSFIELD: We are prepared to argue that
13 today.
14 THE COURT: Let's argue that one and get it out of
15 the way. Then we have the plaintiffs' objection to the
16 magistrate judge's order of May 12 granting defendants'
17 motion in part to take 40 absent class members' depositions.
18 Is that ready?
19 MR. GARNICK: No, your Honor. Plaintiffs filed
20 that objection Monday night and we have not had a chance to
21 file our responsive papers. So we would ask the court to
22 hear that after we have had a chance to file our response.
23 MR. HAUSFELD: The reason why I mentioned that
24 motion in terms of what was before the court was because the
25 reasons cited by the defendants for the taking of the

Page 5

1 depositions of the withdrawn class members are identical to
2 the reasons for taking the absent class members depositions.
3 THE COURT: I will deal with it today because my
4 tentative view is it ought to be remanded for further
5 consideration.
6 I will discuss it with you separately. Then the
7 fifth item, which is not before me because, as I understand
8 it, it's not going to be challenged on appeal, is the
9 magistrate judge's denial of the sanctions motion.
10 Correct?
11 MR. HAUSFELD: We have that on appeal.
12 THE COURT: So the first thing we probably ought to
13 address is the May 12 motion objecting to the taking the
14 deposition of withdrawn class members.
15 MR. HAUSFELD: Your Honor, with respect to that
16 motion, we believe the standard of review is clear and that
17 the magistrate's order has to be either clearly erroneous or
18 contrary to law. We believe it's both.
19 The magistrate's order specifically states that the
20 plaintiffs cited no reason for the withdrawal of the prior
21 class representatives.
22 That is an error, your Honor. We did cite the
23 reasons. I have drawn a chart which summarizes, if I may,
24 your Honor --
25 THE COURT: Thank you. Mark it as Count's Exhibit

Page 18

1   THE COURT: All right.
2   MR. GARNICK: Defendants want to respond, that the
3   class should not be certified with all sixty-five brands
4   because the word "light" has to be put in the context of the
5   entire marketing campaign which differed from cigarette brand
6   to cigarette brand.
7   THE COURT: You are not going to get very much on
8   that by your depositions from your mailing list. You are
9   going to get material on that from your experts, on marketing
10   and things like that.
11   What does Mr. X, who is sitting out here in
12   Hoboken, know about their marketing campaign and how can he
13   answer this problem?
14   We saw the problems we had with, what was it, five
15   hundred or so you had in the Blue Cross case? How many did
16   we have there?
17   MR. GARNICK: Well, it ended up -- the right
18   number is kind of -- whatever.
19   THE COURT: We had a lot of them anyway. They were
20   nice people and it was fascinating to meet them, but they
21   didn't throw much light on this kind of problem before us
22   now.
23   MR. GARNICK: I think that Mr. X at the class
24   certification hearing can say, for example, Mr. X can say, I
25   smoked brand Y and I smoked because the taste. I didn't

Page 19

1   believe that lights were any safer. I didn't smoke it for
2   low tar. I smoked it because I liked the taste.
3   THE COURT: Right.
4   MR. GARNICK: It wasn't Marlboro Lights. It was
5   this other brand that the marketing chain didn't tell me --
6   THE COURT: That's part of the merits, isn't it?
7   MR. GARNICK: It could be. But it is more -- it
8   also goes to whether there is a predominance of common
9   issues.
10   THE COURT: Right.
11   MR. GARNICK: Plaintiffs are going to come in and
12   they are going to say, everyone lied. They are going to say,
13   everyone believed lights were safer. That's what their
14   experts will say.
15   THE COURT: I doubt if they will say that.
16   MR. GARNICK: That's what their experts are
17   saying.
18   THE COURT: Everyone?
19   MR. GARNICK: Everyone except for those who were
20   suicidal or those who were deranged.
21   THE COURT: All right. That will all be taken with
22   big grains of salt. We know that everybody doesn't act the
23   same way. We are dealing with statistical averages in these
24   cases.
25   MR. GARNICK: But what our argument -- the

Page 20

1   reason -- I will just say this and I will -- the reasons
2   are out there.
3   For purposes of determining whether there is a
4   predominance of commonality, for purposes of determining
5   whether these six representatives chosen by the plaintiffs
6   who only smoked seven of the sixty-five brands are adequate
7   representatives, we want to show the Court other class
8   members, not just these six, go outside the universe of
9   cherry picked representatives by the plaintiffs, and show the
10   Court the perceptions and the beliefs and the motivations of
11   class members who smoked other brands that are at issue in
12   this litigation that's not -- that weren't smoked by any of
13   the class representatives.
14   THE COURT: How are you going to get those people,
15   I ask you again? If you know who you are going to get, why
16   don't you just take an affidavit from them?
17   MR. GARNICK: Well, we will go the affidavit route.
18   THE COURT: My point of the deposition at this
19   stage --
20   MR. GARNICK: I mean, if -- the trouble with an
21   affidavit, of course, is the question of admissibility and
22   giving the plaintiffs their chance to cross-examine.
23   THE COURT: They may --
24   MR. GARNICK: I would think if we submitted an
25   affidavit, the plaintiffs would --

Page 21

1   THE COURT: It's certainly admissible on the issue
2   of certification, isn't it? I am not bound by hearsay on
3   certification, am I?
4   What's the answer to that?
5   MR. GARNICK: I think the --
6   MR. HAUSFELD: I don't believe so, Your Honor.
7   THE COURT: I'm sorry?
8   MR. GARNICK: I think the Court is bound by the
9   Rules of Evidence.
10   THE COURT: On whether to certify or not?
11   MR. GARNICK: Yes, Your Honor.
12   THE COURT: That's interesting. I haven't thought
13   of it before, but I don't think that's so. I am trying to
14   predict what the evidence will ultimately show.
15   MR. GARNICK: As I started out, I want to make sure
16   that we perfect the record. We have not had a chance to file
17   our appeal of the magistrate's --
18   THE COURT: I am telling you, my view is to remand
19   it. I am not satisfied with the magistrate's decision on
20   that. I haven't had the sense that the plaintiffs had put
21   forward to the magistrate the way they intended to make their
22   case in sufficient detail so that you could attack it and
23   make the kind of information we need through some kind of a
24   survey meaningful.
25   I don't want to take a lot of evidence in a very

Page 22

1  expensive way that then is not going to be usable at a
2  possible trial. It may not be a trial. It may be a motion
3  for summary judgment, of course. On the motion for summary
4  judgment, I would think, we've got to have admissible
5  evidence. Right?
6       MR. HAUSFELD: Yes, Your Honor.
7       THE COURT: Certification, I am perfectly willing
8  to take affidavits and analysis by marketing specialists or
9  arguments.
10      I haven't thought it through. That's why I think
11 this argument -- this discussion is somewhat unfocused, but
12 I don't get the sense from the papers that the parties and
13 the Magistrate Judge have thought it through. I don't want
14 to waste a lot of time on it.
15      If te plaintiffs position is that everybody who
16 smoked a light cigarette had the same reasons, of course,
17 that's not going to be a valid conclusion.
18      MR. GARNICK: It is plaintiff's position that among
19 the reasons that everyone smoked was lower risk.
20      THE COURT: They are going to have to show some --
21 if that's the reason that they are relying on, they are going
22 to have to show some degree of proportionality that that
23 reason bears to the other possible reasons and some degree of
24 proportionality that those who thought that way beared to the
25 total class.

Page 23

1       I am not clear in my own mind how the plaintiffs
2  are going to proceed. That's part of the problem.
3       Have you got a clear idea of what their proof is
4  going to be and what they are going to show?
5       MR. GARNICK: Your Honor, I do.
6       I was -- I have read the deposition of their
7  expert Doctor Cohen, who --
8       THE COURT: Do I have it?
9       MR. GARNICK: We have not -- you don't have it
10 from us. We have not submitted our response to te plaintiffs
11 appeal yet. That's one of the problems.
12      THE COURT: Doctor Cohen's is on this issue of
13 depositions?
14      MR. GARNICK: Doctor Cohen's testimony is on the
15 issue of whether class members rely on any health message of
16 cigarettes.
17      THE COURT: It may be that we need reports from
18 both sides to take to the magistrate so the magistrate can
19 focus on this.
20      MR. GARNICK: Doctor Cohen also testified that
21 standardized surveys cannot reflect the true beliefs of class
22 members and essentially disputes the validity of all of the
23 published available surveys, none of which show that a
24 hundred percent of light smokers purchased lights because of
25 low tar or because of perceptions of health.

Page 24

1       THE COURT: I accept that. Of course, that is
2  true. There is no doubt, that you don't have a hundred
3  percent reasons for choice in any case like this. There are
4  all kinds of outliers. The question is how big the outlier
5  groups are, where you have your central group. The usual
6  bell curve kinds of problems are going to come up in this
7  case.
8       Has the plaintiff submitted expert material counter
9  to you and explained to the Magistrate Judge how it is going
10 to meet the problem your expert has posed?
11      MR. GARNICK: Well, I was describing te plaintiffs
12 expert and there is a dispute about what their expert --
13      THE COURT: Who is Cohen's expert?
14      MR. GARNICK: Plaintiff's.
15      THE COURT: Plaintiff.
16      Do you have an expert?
17      MR. GARNICK: We are trying to find an expert and
18 prepare an expert report. We are in the process of trying to
19 do that.
20      THE COURT: Well, until there has been some
21 conjunction here before the magistrate, I can't hear an
22 appeal. I will just remand it. The issues that are to be
23 determined in the discovery have not yet been clarified.
24 Until there is some kind of a conflict resolved among the
25 experts or some kind of conclusion by the Magistrate Judge

Page 25

1  and ultimately by me as to whether this case can go forward
2  on this theory, and if it can go forward, what is needed to
3  prove or disprove it. We are not at that stage.
4       MR. GARNICK: One of the issues for which there --
5  for us to seek discovery -- it's defendant's position that
6  surveys are not sufficient to obtain the kind of evidence
7  that we need to determine reliance.
8       THE COURT: What do you think you need? Do you
9  need -- you certainly are not going to get the whole class.
10      MR. GARNICK: I think that reliance is an
11 individualized --
12      THE COURT: I can tell you, that that is not going
13 to cut with me. That due process claim simply, based on what
14 I know -- because you know I have an open mind and subject
15 to argument at all times, but it hasn't been presented to me.
16      My assumption coming into the case is that there is
17 going to be huge individual variations, as there is in any
18 case involving choices and actions by human beings. We are
19 all different. We come from different backgrounds. We have
20 different views, different tastes and everything else.
21      Unless the plaintiffs can show with respect to some
22 matter a very substantial basis, they are not going to get
23 any place.
24      My view of the class action, and I understand this
25 may be debatable, at this moment, until it is fully briefed,

GR   OCR   CM   CSR   CRR

c00c65c6-1cd4-41e3-8b87-8fbac8899d8