```
                                                                    Page 1
 1   UNITED STATES DISTRICT COURT
     EASTERN DISTRICT OF NEW YORK
 2
     - - - - - - - - - - - - - - - X
 3                   :
     BARBARA SCHWAB,
 4                        CV-04-1945
     Plaintiff,
 5
     -against-          :
 6                        United States Courthouse

 7                        Brooklyn, New York
     PHILIP MORRIS, INC. ET AL.,
 8
     Defendant.           :
 9                        August 312, 2005
     - - - - - - - - - - - - - - - X     11:00 o'clock a.m.
10
     TRANSCRIPT OF CIVIL CAUSE FOR STATUS
11   BEFORE THE HONORABLE JACK B. WEINSTEIN
     UNITED STATES DISTRICT JUDGE
12
     APPEARANCES:
13
     For the Plaintiff:      MICHAEL D. HAUSFELD, ESQ.
14        ANDREA HERTZFELD, ESQ.
          BENJAMIN BROWN, ESQ.
15        For:  Class Plaintiffs

16        FINKELSTEIN, THOMPSON & LOUGHRAN
          For:  Class Plaintiffs
17        1050 30th Street, N.W.
          Washington, D.C. 20007
18        BY:  BURTON H. FINKELSTEIN, ESQ.

19
     For the Defendant:      CHADBOURNE & PARKE LLP
20        For:  British American Tobacco
          (Investments) Ltd.
21        30 Rockefeller Plaza
          New York, New York 10112
22        BY:  JOSEPH G. FALCONE, ESQ.

23

24

25
```

Page 2

```
 1    GREENBERG TRAURIG
      For: Lorillard
 2    Met Life Building
      200 Park Avenue
 3    New York, NY 10166
      BY: ALAN MANSFIELD, ESQ.
 4        STEPHEN L. SAXL, ESQ.
          JOANNE MAUREEN McLAREN, ESQ.
 5        Of counsel
 6    KASOWITZ, BENSON, TORRES
      & FRIEDMAN, LLP
 7    1633 Broadway
      New York, New York 10019-6799
 8    BY: MICHAEL P. ROSENSTEIN, ESQ.
          Of counsel
 9
      APPEARING VIA TELEPHONE: THEODORE GROSSMAN, ESQ.
10                             MURRAY GARNICK, ESQ.
                               MEL STEWART, ESQ.
11                             DAVID BERNICK, ESQ.
12    Court Reporter:    Marsha Diamond
                         225 Cadman Plaza East
13                       Brooklyn, New York
                         718-330-7687
14
15
      Proceedings recorded by mechanical stenography,
16    transcript produced by computer.
```

Page 3

THE COURT: Good morning.

MR. GROSSMAN: This is Ted Grossman.

THE CLERK: We have not started as yet, sir. This is civil cause for status conference: Schwab versus Philip Morris, et al.

THE COURT: Good morning, everybody. Thank you, for coming in and for those who are on the phone. I appreciate that at the end of summer we all want to spend as much time with our families or others and we are very grateful for your time.

Do you have all the appearance?

All right. Was it the defendants who wanted this conference?

MR. GROSSMAN: Yes. Thank you. This is Ted Grossman. First of all, I appreciate very much your courtesy and promptness in responding to my letter and the same for Judge Gold.

THE COURT: He's right here. We are both here together.

MR. GROSSMAN: I appreciate it very much and I do want to thank you, very much. This case was set on a schedule that had been agreed by the parties as worked out with Judge Gold at the beginning of this year, and indeed, even before the plaintiffs were to designate their witnesses their -- expert witnesses -- they were to answer questions under

Page 4

Judge Gold's ruling telling us in answers to interrogatories what this case was going to be, how they were going to prove reliance and damage. All the way back in January the case management order that was entered said that by February 28th the plaintiffs were to identify all their experts on class certification issues and their experts on merits issues and that by March 28th it was plaintiffs' deadline to supplement their designation of experts for purposes of trial on the merits. We received 18 designations of experts from the plaintiffs between February and March. And we have worked at great expense and with a great deal of energy to take an extraordinary amount of discovery of the plaintiffs' experts since that time. And we have proceeded to be able to brief the motions for class certification so it can be argued for September 12th as it was supposed to be on the basis of plaintiffs' submission on February.

All throughout this time plaintiffs had been asked by the Court and by defendants whether their submissions were complete. All throughout this time the plaintiffs have represented to the Court and to us that their submissions were complete. In fact, not only did they represent that the submissions were complete, but at various times when we asked for a little more time within which to make our own designations the plaintiffs resisted strenuously, resisted saying that they had met all of their deadlines and we should

Page 5

meet ours. The case management order provided for no rebuttal experts. It provided for no additional experts. It set forth deadlines. We have met our deadlines. We have submitted 100 page brief in response to the plaintiffs' motion for class certification. We filed five motions for summary judgment. We filed motions with regard to several of the plaintiffs' experts who were initially set forth on February 28th. Now all of that seems to be going by the wayside. As the plaintiffs without seeking relief of the Court and without telling us during a process have come up with a whole new list of experts. By our last count in a letter to the Court dated yesterday Mr. Hausfeld indicated that he had four more expert reports. That was in footnote eight buried in the letter, and Your Honor, we've been preparing to proceed under the schedule that was first imposed and we have relied on this schedule, done a tremendous amount of work. During all of that time it appears that the plaintiffs were preparing for this new submission, having hired one of the experts last March or earlier, having that expert conduct surveys in March and June, having failed in response to our direct questions to identify that they had surveys that they were planning to present to the Court and additional experts that they were planning to present to the Court, and so we are in an extraordinary position.

I would say also, Your Honor, this is better for

Page 6

1  another time, but you know, just about all of us are from a
2  tremendous amount of cigarette litigation.  Those of us who
3  are participating on the phone or in person have been counsel
4  in Simon II and NAW, in Felice, in Blue Cross Blue Shield, in
5  fifteen or so cases.  You have plaintiffs, you know,
6  plaintiffs' counsel from those cases and you and Judge Gold
7  have been able to work out in an amicable way and in a
8  professional way the schedules in those matters and although
9  those were highly adversarial proceedings, they were always
10 handled in a professional manner. Here we are confronting
11 something else. It's new in my experience in the cigarette
12 litigation in the Eastern District of New York.  It's making
13 it extremely difficult to prepare this case in a manner that
14 even approaches reasonable economy, and whatever the
15 plaintiffs are representing in their current letter, and I
16 think that should be taken in the same spirit as what was
17 previously represented when, for example, they said to the
18 Court on May 26th they would have no additional experts, while
19 they had their experts conducting polls on which they would
20 later make their current submissions, that no matter what goes
21 on from here we need to be sure that we are not constantly
22 engaged in matters that are just going to go by the boards,
23 and that are wasteful.
24         The plaintiffs unquestionably know that by
25 submitting nine extra experts and changing the basic nature of

Page 7

1  their case from one in which they say that there is universal
2  reliance or presumed universal reliance by all smokers of
3  light cigarettes, purchasers of light cigarettes, in their
4  purchase to one which they say that the substantial majority
5  but not all relied and to base new damage models on that when
6  plaintiffs have made that change, they understand how
7  different the briefing is going to have to be.  They
8  understand the new issues that arise from it.  They understand
9  the new discovery that will arise it from it.  I presume they
10 don't -- it was not their expectation that they could file
11 what is now going to be at least 13 new expert reports,
12 including reports of nine entirely new experts, and not have
13 some discovery with regard to that. So, in view of all of
14 that, first thing that we would request of the Court is that
15 plaintiffs' new submissions which violate the case management
16 order which are inconsistent with the representations that the
17 plaintiffs made to the Court, which are directly inconsistent
18 with the plaintiffs' representations made to defendant, and
19 which were pulled on us by surprise only on the eve in essence
20 of the September 12th hearing on the motions that are briefed,
21 that all of those be stricken.
22         I think it is the only appropriate relief we have.
23 We've briefed everything. We've taken the depositions of
24 virtually all of plaintiffs' 18 witnesses. There were a couple
25 of additional deposition extensions that are left hanging, but

Page 8

1  we can argue the motion.  We can go forward as it is, and we
2  are confident that on the motion briefed by the plaintiffs as
3  briefed by us we will win under the law.
4         THE COURT: You are prepared, as I understand, to go
5  forward on September 12th?
6         MR. GROSS:  We were prepared to go forward on
7  September 12th on the original motion that was filed by the
8  plaintiffs and briefed by us.
9         THE COURT: I understand but not -- excuse me --
10        MR. GROSSMAN:  Of course, it is not being modified
11 for purposes of that argument.
12        THE COURT:  You are prepared to go forward, as I
13 understand, on September 12th based on documents you received
14 but not on those recently proffered or to be proffered,
15 correct?
16        MR. GROSSMAN: Yes.
17        THE COURT:  Not on those additional expert reports.
18        MR. GROSSMAN: That's right, Your Honor.
19        THE COURT:  Is there any other defendant who wishes
20 to be heard on this issue at this point?
21        (No response).
22        So you are talking for all the defendants?
23        MR. GROSSMAN: Yes, Your Honor.
24        THE COURT:  Thank you, very much. I will hear from
25 the plaintiffs. Can you hear on the phone?

Page 9

1         MR. GROSSMAN:   I can hear you, Your Honor, but I
2  couldn't hear.
3         THE COURT:  Why don't you come forward (indicating
4  to Mr. Hausfeld).  Put the loudspeaker closer to counsel.
5         Go ahead, please.
6         MR. HAUSFELD: Thank you.
7         Good morning, Your Honors.
8         THE COURT:  Can you hear now?  Keep your voice up,
9  and put the loudspeaker right on the lectern.
10        MR. GROSSMAN:  Yes.
11        MR. HAUSFELD:  Although I don't like to begin
12 addressing the Court with a remark, I believe it is called
13 for. I would like to address the merits of defendants'
14 position and not what I believe is the offensive
15 characterization of the unprofessionalism of plaintiffs'
16 counsel.
17        THE COURT:  There is no reason why you shouldn't do
18 what you want to do, which is not to address what you think
19 are side issues.
20        MR. HAUSFELD:  This case comes before the Court in a
21 rather unique posture. To date, discovery is not closed, and
22 to date, there has been no answer to the amended complaint. So
23 the status of the pretrial proceeding is that reports were
24 submitted before the close of discovery and before the
25 defendants even committed officially to what their responses

Page 10

would be to the claims and have not yet identified the affirmative defenses.

With respect to class certification, we felt that the matter had been sufficiently litigated and there was sufficient material from which the Court could conclude one way or the other whether or not there were common issues and whether those common issues predominate. However, as the Court noted, the law has moved somewhat and the Court now, unlike the admonition in Eisen, needs to balance to some, import the likelihood of the merits or the assessment of the merits of the litigation. By definition that would require whatever is done earlier to reflect what came later in the discovery process. But more importantly, despite the fact that there was a CMO entered, according to defendants' interpretation, the Court then could not have asked the questions it did of both parties and we could not have responded because that was an item that was not in the case management order. All of the objections that are presently being raised by the defendants arise out of the plaintiffs' submission in response to the Court's questions, the questions which were directed at both parties, and to which the defendants said they will not respond, they would only answer or reply to the answers of the plaintiffs. So all of these experts that they're talking about were attached to our response, the plaintiffs' response to Your Honor's questions. None of those witnesses with the

Page 11

exception of Dr. Hauser relate to the underlying substance of the status of the motion for class certification. Professor Tribe, for example, addresses the constitutionality of some of the arguments raised by the defendants in response to your question as to whether a case of this magnitude and nature is impossible constitutionally to administer and manage, a position that was taken by Professor Tribe months ago to which defendants were fully apprised of and is not constituting a new basis in support of class certification.

Wilkenfeld and Myers are being proffered in response to the Court's questions as fact witnesses, not experts. We have not added a new expert report for either Mr. Myers or Ms. Wilkenfeld. The affidavits of Redfern and Kinsella dealt with administration and notice, again, directly in response to the Court's questions as to how plaintiffs would foresee the case would be noticed if certification were granted and administered -- if not only certification were granted, but a judgment was entered or settlement was reached.

Slovic, Goldberg, Beyer and Cohen we've identified as rebuttal reports, in rebuttal to the reports of defendants' experts and if that is not permitted, then the Court can say so, although it's, again, a bit odd where the defendants admit there is no language in the case management order saying that there shall be no rebuttal reports and it is an awkward position where the plaintiffs bear the burden of proof to say

Page 12

that, well, we are not offered an opportunity to respond to the report submitted by the defendants. That leaves the report of Dr. Hauser, the sole report which does relate to a matter which was not previously identified by plaintiffs. But after the CMO was entered Your Honor asked both parties to look at what scientific analyses or principles would be available to deal with the issues of magnitude presented in this case.

We heard Your Honor's concern that the principles of universality of reliance, which has not been abandoned, which is still contended, but which in reality we again heard Your Honor say what if I don't find reliance universal. We looked at the surveys, and there were different numbers in those surveys that have already been done and we asked ourselves is there another survey consistent with Your Honor's direction in the hearing after the CMO was entered as to whether or not a new survey was possible which would respond to the concerns of whether or not there was a means available to identify a percentage of light smokers who did rely on the fraud absent universality.

Dr. Hauser does just that. He did precisely that study. It was not completed earlier than the time it was submitted. It does not abandon the theory of universality. It adds an alternative to that theory. It builds on the surveys already introduced and says this is where essentially we come out, between zero and a hundred. In terms of where we think

Page 13

using a conjoint analysis, we can say to a degree of scientific certainty there was reliance in substantial contributing factors on the defendants' fraud in the use of the light descriptor.

What is most interesting is despite these months of preparation and the millions of dollars of experience that the defendants have made, not once did they identify the fact that they used conjoint analyses in their history, particularly of marketing and manufacturing of light cigarettes; nor did they disclose to the Court or to the plaintiffs what the rules of those conjoint analyses were. And ironically, their own expert Dr. Steward identified conjoint analyses as the appropriate survey technique that should have been used to identify the percentage of light smokers who could scientifically be attributed as having a relationship of reliance between the purchase and fraud.

What is it that the defendants are really asking? I think Your Honor got to the heart of it. Are they saying they are not prepared on September 12th to respond to the motion for class certification? If I may, we've prepared some illustrative exhibits.

THE COURT: Well, I'd rather not have anything like that because we have critical people on the phone and I'm not prepared to use video, so why don't you do it without audio visual techniques. We've gone to law school before they had

Case 1:04-cv-01945-JBW-SMG   Document 892-35   Filed 06/09/06   Page 5 of 17 PageID #: 58457

Page 14

1  these things and we can still respond to oral argument.
2       MR. HAUSFELD: I still remember the ability to go
3  visit a friend who had a Winky set and you can make the
4  changes right on the screen and to which I responded you have
5  a screen, but basically essentially what defendants are saying
6  is for the presence of one report, Dr. Hauser's. They are
7  suddenly now ill prepared and being denied due process if they
8  are forced to proceed with this class certification hearing
9  and the hearing on the other Daubert motion and summary
10 judgment motions. In light of the context in which this case
11 comes before Your Honor that is somewhat disingenuous. What we
12 did is we took a look at what is before the Court and we have
13 16 plaintiffs' expert reports, 42 defendants' expert reports,
14 approximately over seven thousand pages of depositions,
15 thousands of pages of exhibits, against a further background
16 of the fact that there are hundreds of people who've
17 testified, both as witnesses in trials involving light
18 cigarettes, or at depositions in the Price matter, the Scott
19 matter, Blue Cross matter, the United States matter and
20 Schwartz matter, where there were tens of thousands of pages
21 of transcripts of the testimony or depositions and tens of
22 thousands of page of exhibits.
23      Your Honor has before you, we counted, twenty-two
24 motions by both sides involving those experts and those
25 parties, and yet, they claim that this one report of analyses

Page 15

1  or of a methodology which they themselves utilized and failed
2  to disclose now tips the scales to the point that they're
3  being allegedly denied due process if they proceed.
4       There's no reason to delay the hearing.
5       THE COURT: Are you prepared to go forward on
6  September 12th?
7       MR. HAUSFELD: Absolutely.
8       THE COURT: Okay. Thank you, very much.
9       MR. HAUSFELD: Thank you, Your Honor.
10      THE COURT: Do the defendants want to respond?
11      MR. GROSSMAN: Yes. It is Ted Grossman again.
12 Briefly, Your Honor, I am not sure that Mr. Hausfeld heard
13 what I had said because we are not claiming a due process
14 violation to proceed on the basis of the briefs as they are
15 submitted and on the experts who were identified on February
16 28th and March 28th. We are claiming that we were hood winked,
17 and that if the additional materials were considered, that it
18 would be very substantial prejudice to us, as plaintiffs have
19 anticipated in their entire process, but the current briefing
20 where the plaintiffs filed their motion for class
21 certification on February 28th, and where we responded on July
22 1st, and where plaintiffs reply brief is due tomorrow based
23 upon the experts who were first identified and the theories
24 that are contained first in plaintiffs' motion for class
25 certification are fully briefed or will be fully briefed as of

Page 16

1  tomorrow and could proceed on September 12th on that basis.
2       Prejudice to us would be if any of the new materials
3  filed by the plaintiffs were to be considered on that motion
4  and that's particularly true, of course, of Dr. Hauser who
5  constitutes, yet, a fifth alternate theory of damages that the
6  plaintiffs would be putting forth, but it is true of the other
7  experts as well.
8       Mat Myers and Ms. Wilkinson, for example, plaintiffs
9  are now claiming are not experts, but fact witnesses. Both
10 testify as to what they understand the FTC's requirements are.
11 We have put forth experts in this area and this is an area of
12 expert testimony.
13      THE COURT: I know it is difficult because you can't
14 see me but as to Hauser, you don't want him considered on the
15 September 12th argument, correct?
16      MR. GROSSMAN: That is correct.
17      MR. BERNICK: David Bernick. If I could be heard
18 for just a moment.
19      THE COURT: Yes, of course.
20      MR. BERNICK: Just to be clear, the question that
21 Your Honor has put to us on whether we are prepared to proceed
22 on the 12th of September, and also, in response to the
23 question that counsel from the plaintiffs posed, I want to be
24 clear for my client here, what we really want presently is one
25 thing as it applies to another. We already know what they

Page 17

1  are, but for the issues that Your Honor has to address,
2  fundamental issues about whether this case is viable, we want
3  those issues to be addressed by Your Honor under the basis of
4  a complete record where we have the full opportunity to
5  respond to their submissions and their theories.
6       THE COURT: I understand.
7       MR. BERNICK: That is our principal concern. What
8  we've essentially done, although it is not really framed this
9  way and that Mr. Grossman's points out, is that they have
10 sought to in a sense open the record further beyond what was
11 contemplated in the case management order before
12 September 12th or before these matters are heard by Your Honor
13 and without any showing of cause.
14      Typically, if you have a case management order it is
15 pretty much implicit in any case management order, they can
16 open on a showing of cause. They have made no showing of cause
17 and that is our principal problem, and it's really fairly
18 apparent. Myers and Wilkenfeld are both very well known to the
19 plaintiffs. Whether they are fact or expert witnesses, they
20 really are expert witnesses or purport to be. They are very
21 well known. Their matter will have been submitted in
22 connection with the other cases. There can't be any showing of
23 cause with respect to them.
24      THE COURT: Excuse me.
25      MR. BERNICK: Tribe is well known. Both have

MARSHA DIAMOND, C.S.R.
OFFICIAL COURT REPORTER

Page 18

1 testified. I am sorry.
2        THE COURT: Excuse me.
3        MR. BERNICK: I am sorry.
4        THE COURT: I hate to interrupt. I know it is
5 difficult without seeing each other and I appreciate that. I
6 am going to hear argument on September 12th of all pending
7 motions. I intend -- since I've done a good deal of reading of
8 enormous materials you've supplied and briefs you've supplied
9 and will supply in accordance with the order -- to decide that
10 motion based upon those materials and the briefs.
11       Now, with respect to other materials that are being
12 proffered, we'll go through them just to clarify the record,
13 but I expect them to be handled by the Magistrate Judge after
14 I hear the argument, so that I can hear the argument based on
15 the material that I have read in large part and that has been
16 fully briefed.
17       Now, with respect to the individual additional
18 pieces of evidence, I think for the edification of the
19 Magistrate Judge we ought to go through them piece by piece.
20       Hauser. His additional report will not be
21 considered on September 12th argument; is that clear? But it
22 is not precluded with respect to a trial, and the Magistrate
23 Judge may consider that after I have heard the argument and in
24 the course of making my decision.
25       Now, one of the reasons that I want to go forward on

Page 19

1 September 12th, even though we've had to advance these dates
2 from time to time, is that almost certainly whatever I decide
3 on the basic certification motion will be taken to the Court
4 of Appeals for the Second Circuit. In the case of Simon, the
5 Court of Appeals waited almost two years before I received the
6 mandate just last week. I don't think it is fair to any of the
7 parties to keep putting off a decision on these fundamental
8 issues, whether they're stayed or not. Further proceedings
9 will depend first on what this Court does, and second, on what
10 the Court of Appeals does when a 23(f) application is made.
11       In general, based on my prior practice I do not
12 favor stays while 23(f) motions are before the Court of
13 Appeals but that's something that we will have to decide when
14 the matter comes up and it is something for the Court of
15 Appeals.
16       Even if the Court of Appeals doesn't stay on a 23(f)
17 motion, there will be some delay, probably some substantial
18 delay while the Court of Appeals decides whether it wants to
19 decide the certification issue as an interlocutory matter.
20       Since both sides have now told me that they're
21 prepared to go forward on September 12th and I am prepared to
22 go forward on September 12th, we will go forward on
23 September 12th based upon papers essentially submitted before
24 last week. But I want to go over these papers that you are
25 objecting to one at a time because some of them are in the

Page 20

1 nature of legal briefs and some are in the nature of
2 scientific and factual predicates that have to be possibly
3 treated differently.
4        Do you understand what I'm saying? I'm looking over
5 at the plaintiffs' faces. They seem to be nodding.
6        MR. GROSSMAN: I would like clarification on a
7 couple of points and perhaps --
8        THE COURT: Go ahead.
9        MR. GROSSMAN: Perhaps clarify it as we approach
10 one. I understand that we are going to be proceeding on the
11 basis of the plaintiffs' motion for class certification and
12 the defendants' opposition and the plaintiffs' reply, if they
13 file one, which is due tomorrow, and that the defendants' and
14 plaintiffs' reply brief due tomorrow will not be able to rely
15 upon the new submissions, except perhaps to the extent that we
16 discussed them today.
17       THE COURT: Excuse me. I assume as a practical
18 matter that their reply brief is practically locked in and I
19 am not going to require them to completely rewrite it, but if
20 there is any material in it that relates to new information I
21 am not going to consider. I just won't consider it. That's
22 all. I know what they have anyway. I have seen it all. I'm
23 telling you I'm going to decide September 12th based upon what
24 I have seen and what has been briefed.
25       MR. GROSSMAN: I would only suggest, Your Honor, in

Page 21

1 that regard that if their reply brief contains additional
2 material beyond that which was contained in the experts'
3 report up through March 28th, that that could become a record
4 -- part of the record before the Court of Appeals on any
5 appeal from a decision on class certification.
6        THE COURT: Excuse me.
7        Well, you know more about appellate practice than I
8 do, but the whole record is in the court files and the Court
9 of Appeals will look at whatever it wants to look at. It's
10 always been my understanding that most appellate judges peek
11 at the full record before they make a decision, and sometimes
12 go beyond the record to take sub rosa judicial notice. So I'm
13 not concerned about protecting the Court of Appeals from
14 knowing too much. I'm telling you that I'm going to decide on
15 September 12th based on what you have relied on and what the
16 Magistrate Judge has told you since the matter will be before
17 the Court on September 12th. If you have any doubt about it,
18 you can take a copy of their brief and bracket it to show what
19 you want stricken and I'll take that motion on September 12th.
20       MR. GROSSMAN: All right. Your Honor.
21       THE COURT: I think it is unreasonable to ask them to
22 completely rewrite a brief that is probably being reproduced
23 right now.
24       MR. BERNICK: If Your Honor is going to decide the
25 matters that are now pending based upon the record without

Page 22

1  relying upon matters that we believe were not timely
2  submitted, what then is Judge Gold being asked to do with
3  respect to these witnesses and submissions?
4      THE COURT: He is being asked to consider them in
5  connection with the trial, should it go forward. If I grant
6  summary judgment to the defendants, that's the end of the
7  matter. There is nothing to consider. But if I allow the case
8  to proceed whether as a class action or in some other guise,
9  then the Magistrate Judge will have to decide how those
10 materials are to be dealt with. That's a different phase of
11 the litigation.
12     MR. BERNICK: I think I grasp that now, Your Honor,
13 and I guess maybe I should just be quiet and let Your Honor
14 ask the questions and have it play out but if, in fact,
15 Your Honor reaches the decision based upon the record as it
16 stands without reference to these materials but the materials
17 still constitute the ongoing record in the case for purposes
18 of trial, we essentially end up back in a position where,
19 number one, the record continues to evolve in the case, and
20 that record will, in fact, relate not only to the trial, but
21 also, to the same matters that Your Honor has addressed, even
22 though Your Honor has not made reference to them in reaching
23 the resolution that you have.
24     For example, if Your Honor were to determine that
25 the class would be certified on the basis of whatever it is

Page 23

1  that Your Honor decides is the appropriate theory driving
2  class certification and without reference to the materials
3  that we take issue with, the case then goes forward, there is
4  no stay, and at that point the record becomes supplemented
5  with these additional materials. Effectively the appellate
6  review of your decision on September 12th will, you know,
7  will, in fact, be affected by the matters that subsequently
8  come before the Court, including the ones that we take issue
9  with.
10     THE COURT: I understand that problem. That is a
11 problem of the nature of federal litigation which is
12 essentially fluid right from the time that the complaint is
13 filed. Whether the Court of Appeals powers under 23(f) are
14 somewhat frustrated by subsequent rulings in connection with
15 preparation for trial and trial itself is an inherent problem
16 of our litigation practice as you well know. During the trial
17 itself I will be making rulings that may change considerably
18 the way the action goes forward under my general rule 15
19 powers and relation back. This procedure is a matter for the
20 Court of Appeals and Rule-Makers to determine. I am going to
21 go forward and decide on September 12th because there is a
22 shortness of life as Holmes has said, and as I am now very
23 much aware and we are not going to delay the litigation.
24     In fairness to you, we should decide the
25 September 12th motions based on the information that you

Page 24

1  relied on. Beyond that, everything is going to go to the
2  Magistrate Judge who will continue through his control of
3  discovery, to shape the case for trial. If you have any
4  problem with the way he's handling it, you'll come back to me.
5      MR. BERNICK: I think that's clear. Can I at least
6  ask for Your Honor's patience after we go through the list to
7  come back with a procedural suggestion that Your Honor might
8  be prepared to listen to that further addresses this question
9  of how the record is evolving? I don't want to get in the way
10 of the list, but I do have a proposal that I think Your Honor
11 might find of value.
12     THE COURT: Yes, of course. I will be delighted to
13 hear anything you or any other litigant suggests, but I would
14 like to go through this list of what you're objecting to, so
15 we can make the record explicit, if you think that will be
16 helpful.
17     MR. GROSSMAN: That would be very helpful. I do have
18 one thought to add to what Mr. Bernick was saying a moment ago
19 and perhaps, if it is something that we can expand upon when
20 the list is done, but what we have already identified, I
21 identified in my letter to the Court, and I think the
22 plaintiffs have identified in their statement earlier today, a
23 crystal clear difference between the theory of the case and
24 theory of class certification that's embraced by the
25 plaintiffs' motion for class certification currently before

Page 25

1  the Court, and the theory of class certification that the
2  plaintiffs would embrace on behalf of survey material that has
3  been done and of Dr. Hauser's report and testimony if that
4  were admitted. We have briefed the question of whether a class
5  can be certified where it is presumed that every purchaser of
6  cigarettes -- of light cigarettes purchased in reliance on a
7  purported fraud.
8      THE COURT: Excuse me. Stop. I am not going to make
9  any such presumption. That would be absurd. I think I've
10 indicated that in my earlier questions. I assume we have a
11 heterogeneous population with respect to these issues, that
12 has always been my assumption. It was clarified in every
13 single litigation involving tobacco that I'm aware of,
14 including those litigated before me. How that is dealt with
15 scientifically is an issue. To have this Court presume that
16 millions of people react in the same way like Pavlov's dogs is
17 not something that this Court has ever considered doing and I
18 think everybody understood that.
19     MR. GROSSMAN: Yes, Your Honor, I have understood
20 that, and I think the plaintiffs ultimately claim to
21 understand that perhaps in the past couple of weeks, but the
22 matter that is briefed before you is not based upon your
23 theory or my theory or anyone else's, other than the
24 plaintiffs which is universal reliance. Those are the papers.
25     THE COURT: Excuse me. I'll hear the argument on

MARSHA DIAMOND, C.S.R.
OFFICIAL COURT REPORTER

Page 26

1  that on September 12th.
2      MR. GROSSMAN: Okay.
3      THE COURT: I am not going to consider Hauser's new
4  material.
5      MR. GROSSMAN: All right.
6      THE COURT: On September 12th, after I make my
7  decision, should I allow the case to go forward towards a
8  trial, the Magistrate Judge will decide that; is that true?
9      MAGISTRATE JUDGE GOLD: Certainly.
10     THE COURT: You heard him. What's the next one
11 after Hauser?
12     MR. GROSSMAN: The second matter that I wanted to
13 raise is related not to the argument on September 12th or on
14 the motion, but rather, on the responses to Your Honor's
15 questions that were posed on June 6th.
16     THE COURT: Excuse me. I want to know what materials
17 you do not wish me to look at on the September 12th motion.
18     MR. GROSSMAN: All right.
19     THE COURT: Can we deal with that problem so we can
20 have a clear record?
21     MR. GROSSMAN: Yes, Your Honor.
22     THE COURT: Please proceed. Next.
23     MR. GROSSMAN: Wilkenfeld.
24     THE COURT: What's he going to say that you object
25 to?

Page 27

1      MR. GROSSMAN: She.
2      THE COURT: She I mean.
3      MR. GROSSMAN: She is a new expert that purports to
4  identify what the defendants could have done within the
5  bracket of the FTC standards.
6      THE COURT: No, she's not going to be considered on
7  September 12th. Next.
8      MR. GROSSMAN: Next is the plaintiffs' expert
9  Mat Myers who also would purports to testify with regard to
10 the FTC's rule-making and the defendants' obligations under
11 that rule-making.
12     THE COURT: No.
13     MR. GROSSMAN: Next is Larry Tribe. Professor Tribe
14 would testify as to standards for class certification and as
15 to whether --
16     THE COURT: No. Wilkenfeld, Myers and Tribe don't
17 tell me anything that is not already in my library. Although,
18 I have great admiration for them I have all that material in
19 my head or in the library and they're not people that are
20 going to be helpful as witnesses.
21     Next.
22     MR. GROSSMAN: Next, Your Honor, would be Catherine
23 Kinsella would offer opinions on ways that the class could be
24 notified.
25     THE COURT: I don't need her. I know how the class

Page 28

1  can be notified.
2      MR. GROSSMAN: All right.
3      THE COURT: No for Kinsella. Next.
4      MR. GROSSMAN: The next is Richard Redfern. He
5  would offer opinions on the manageability of a payout scheme.
6      THE COURT: Of what?
7      MR. GROSSMAN: How a payout scheme to the plaintiffs
8  in the event that they could be manageably handled.
9      THE COURT: I know how it is going to be handled if
10 they win. I don't need her to tell me. You know, I can tell
11 you how it is going to be probably handled right now. If they
12 get a large damage verdict it will be allocated based on how
13 many cigarettes individual members of the class purchased
14 during the period. The amount they'll get will be the amount
15 of value difference if that should ever be determined. That's
16 the way it's going to be handled. I'll say that in discussing
17 the class certification issue. It will be based on a simple
18 smoker's affidavit. I'm not going to spend a lifetime or the
19 lifetime of my successor, should there be a damage verdict and
20 judgment, in handing out money.
21     What is the next thing? I don't need her.
22     MR. GROSSMAN: Dr. Paul Slovic, a psychologist.
23     THE COURT: How do you spell his last name?
24     MR. GROSSMAN: S-L-O-V-I-C. He's a psychologist
25 whose testimony is in some ways duplicative and in some ways

Page 29

1  in conflict of the testimony of plaintiffs' other expert.
2      THE COURT: What is he going to say?
3      MR. GROSSMAN: He is going to say that he has
4  studied the psychology of how people make decisions and how he
5  believes they make decisions based on feelings rather than
6  rational thoughts in many ways.
7      THE COURT: I know that is the fact. How did we
8  choose our wives or husbands? Not on any factual survey. I
9  mean that is the way you make all important decisions, and
10 right from the outset of courses in law school we know there
11 is a difference between the purely intellectual activity and
12 the decision-making activity which is quite distinct. I don't
13 need Slovic on this. Next.
14     MR. GROSSMAN: Then, Your Honor, the plaintiffs have
15 stated in their letter to you yesterday that they were
16 planning to submit but have not yet submitted additional
17 reports by Doctors Cohen, Goldberg, Press, and Beyer.
18     THE COURT: Cohen how do you spell that?
19     MR. GROSSMAN: C-O-H-E-N.
20     THE COURT: Yes. The next one is?
21     MR. GROSSMAN: Goldberg.
22     THE COURT: Yes.
23     MR. GROSSMAN: The next one is P-R-E-S-S, and then
24 B-E-Y-E-R.
25     THE COURT: Yes.

8 (Pages 26 to 29)

Page 30

1    MR. GROSSMAN: We have not yet even seen -- all of
2 those have additional reports, all of those have been
3 submitted in the past, and that is earlier reports were
4 submitted in the past and we don't even have the reports.
5    THE COURT: I'm not going to consider them on the
6 September 12th submission. All of those the Magistrate Judge
7 can deal with. He may have a different view than I do with
8 respect to rule 401 and rule 403 and rule 702, but for
9 purposes of September 12th, I'm not going to consider them. I
10 have boxes of materials already, much of which I've gone
11 through. What is the next one?
12    MR. GROSSMAN: I believe those are all of the
13 experts who have been identified recently. If I've not named
14 anyone, perhaps one of the other defendants could name, if
15 there is anyone else.
16    THE COURT: Is there anyone else, other defendants?
17    MR. BERNICK: I think that is it.
18    THE COURT: All right. Now, the plaintiff is rising
19 and wishes to be heard.
20    MR. HAUSFELD: I would like to correct the record
21 that with regard to experts Slovic, Presser, Goldberg and
22 Cohen, they directly respond to the criticism of defendants'
23 expert Stewart. If the Court is not going to consider them,
24 essentially it is depriving us of the ability of having those
25 experts point out what in defendant Stewart's criticism is in

Page 31

1 their judgment incorrect.
2    THE COURT: Are you going to challenge their experts
3 in the Daubert hearing?
4    MR. HAUSFELD: Yes.
5    THE COURT: Well, you will cross-examine them and I
6 will consider it.
7    MR. HAUSFELD: And the same goes --
8    THE COURT: But I don't want these additional experts
9 at this time. I don't have the time to read more materials in
10 preparation for September 12th and I want the record frozen
11 for purposes of all of those motions. That doesn't mean I'm
12 not going to think of everything I know about cigarette cases
13 and the law generally. That would be absurd, but I don't want
14 any of this new material considered on September 12th.
15    MR. HAUSFELD: With respect to Dr. Beyer, all he was
16 doing was responding to the criticism levied against his
17 report, and I understand Your Honor, but I just wanted to make
18 the record clear that all of those reports were directed
19 principally at responding to criticisms raised by the defense.
20    THE COURT: I understand that and there's a
21 difference between a certification and a summary judgment
22 motion and a certification and a summary judgment motion and a
23 trial. I have indicated that I don't agree with the Second
24 Circuit's position, which is outmoded and its hasn't had a
25 chance to reverse yet, that the district court doesn't

Page 32

1 consider the merits on a certification motion. The issue on a
2 certification motion does not require a definitive final
3 decision on the merits. In fact, it is probable that it
4 requires somewhat less, so you have three burden stages:
5 certification, summary judgment and trial. I don't find that I
6 need these issues argued back and forth the way it would be
7 before a jury. Do you, Magistrate Judge Gold?
8    MAGISTRATE JUDGE GOLD: No.
9    THE COURT: Do you agree with me?
10    Magistrate JUDGE GOLD: Yes.
11    MR. GROSSMAN: Your Honor raises another point. We
12 have currently pending on September 12th not only the motion
13 for class certification but five defense motions for summary
14 judgment and six plaintiffs' motion for summary judgment.
15    THE COURT: I have enough material to decide them. I
16 have looked at the materials.
17    MR. GROSSMAN: When Your Honor speaks of a three
18 part procedure, I just want to know for our own planning, are
19 you planning to hear the summary judgment motion together with
20 the motion for class certification?
21    THE COURT: I am.
22    MR. GROSSMAN: Okay.
23    THE COURT: Although you have not briefed it and it
24 is an interesting question, the question of burdens of proof
25 and their levels at those three stages are something that I

Page 33

1 assume you are going to argue, and I don't need additional
2 experts to tell me about that. That's normal lawyer's talk,
3 don't you agree?
4    MR. GROSSMAN: I agree that is normal lawyer's talk,
5 yes.
6    MR. BERNICK: Would it be appropriate for me to,
7 with some trepidation, venture my idea?
8    THE COURT: You decide whether you want to venture. I
9 will hear whatever you want to tell me.
10    MR. BERNICK: I have already made that decision. My
11 only concern was whether this is the appropriate time.
12    THE COURT: It is always appropriate for you to say
13 anything that you think will help me.
14    MR. BERNICK: Well, when I venture it, let me say,
15 first of all, that I understand fully Your Honor's concern
16 over time, although it is my observation you're proceeding
17 very promptly here. We also have a concern with time because
18 if, in fact, this matter does go forward to trial, we are very
19 mindful of Your Honor's desire to do that promptly, and we are
20 then concerned about the time that is going to be necessary to
21 deal with any further additions to the record in this case,
22 which then brings me to Magistrate Judge Gold. I know from
23 many years of experience, Magistrate Judge Gold will keep us
24 on whatever schedule Your Honor deems to be appropriate, with
25 skill and deliberation, and that is really what leads to my

Page 34

1 proposal, which is the way perhaps of Your Honor giving a
2 little bit of a guidance to that process, and it is this, we,
3 too, would like to have the record frozen as, obviously, we
4 have argued at some length here there was a case management
5 order.
6     THE COURT: Go forward.
7     MR. BERNICK: Our concern is that we are still
8 facing a moving target. We can, obviously, name our arguments
9 well with respect to Myers and Wilkenfeld, whether they should
10 be added or not. With respect to the Tribe record in the case,
11 Redfern and Kinsella, again, they are what they are. We
12 understand that. Hauser and Slovic appeared previously.
13 Hauser has got something new, but they're already there. Our
14 real concern is that we want to get the record closed. We want
15 to get it closed not only for purposes of Your Honor's
16 consideration, for matters that are up for decision on
17 September 12th, but for all purposes in the case so that we
18 don't have the continuing -- I won't say slippage but kind of
19 evolution of a record not due simply to Your Honor's
20 deliberation about how the case should proceed but due in case
21 to the plaintiffs' desire to continue to pursue new
22 alternative theories when whatever theories they have for
23 trial purposes should be committed to, so that we have an
24 opportunity to adequately -- opportunity at pretrial to deal
25 with them. So I guess that is a long round about way of

Page 35

1 saying there has already been further efforts to supplement.
2 We will take those up with Magistrate Judge Gold, whether they
3 are appropriate or not, but we should have an end to this
4 effort to continue to add to the record new theories, new
5 ideas, new experts and frankly, new work. It creates a
6 tremendous amount of work and tremendous amount of uncertainty
7 even as Your Honor is pressing very actively to advance this
8 case toward resolution. So we would ask that Your Honor
9 provide by way of guidance to Magistrate Judge Gold that to
10 the extent that the expert records already have been
11 submitted, those are issues to be well framed and argued
12 before Magistrate Judge Gold about whether that material
13 should be considered for trial purposes or not. But with
14 respect to matters that have not even resulted in a report at
15 this point in time, we would ask that Your Honor simply say
16 enough is enough, no more reports, we are going to work with
17 whatever it is that is in the record now. Magistrate Judge
18 Gold can take up the question about whether it should stay in
19 the record, but let's have an end now to this continued stream
20 of new people and new reports. We can't prepare for trial on
21 that basis. It is just not fair and it is not possible.
22     MR. GROSSMAN: I would add, Your Honor, if I may,
23 that, obviously, if Magistrate Judge Gold allows any of the
24 plaintiffs' new experts' reports to be considered for purposes
25 of trial, that defendants in addition to having an opportunity

Page 36

1 to depose those new experts would have an opportunity to
2 submit their own experts.
3     MR. BERNICK: I assume that --
4     THE COURT: Well, I understand the problem, and as I
5 said, it is inherent in these cases. We have to move forward.
6 Drafters of the rules of civil procedure recognized the
7 problem. They wanted cases decided as best they can be decided
8 on the merits. I think it was Rule one. They also wanted the
9 litigation to go forward swiftly and as inexpensively as
10 possible. The Magistrate Judge will proceed with the case. If
11 you have any problems, you can take an appeal from his
12 decisions. We will all do whatever we can to reduce the costs
13 and times involved while at the same time getting fair results
14 on the merits to both defendants and plaintiffs. Is there
15 anything else anybody wishes to say?
16     MR. GROSSMAN: Only one further thing, Your Honor,
17 rather than going back over what we've already discussed, in
18 addition to the new expert reports that the plaintiffs have
19 provided, the plaintiffs have now given us a 40 some-odd page
20 single spaced response to Your Honor's questions that were
21 posed in the June 6th memorandum. When we were last before the
22 Court on July 26th, we had a discussion of the timing with
23 regard to the response by the parties to that June 6th
24 memorandum, and Your Honor said that in view of the summer it
25 would be all right for the plaintiffs to take until

Page 37

1 essentially today to respond to the June 6th memorandum and
2 that Your Honor understood that the defendants in accordance
3 with your professional responsibilities, as you put it, might
4 well need more than until September 12th to respond to the
5 memorandum to the plaintiffs' response. We will need in
6 accordance with our own professional responsibilities more
7 time for responding to that particular piece. We would ask
8 that we respond on the first Monday in October. I believe
9 that's the 2nd or 3rd.
10     THE COURT: Yes, that's okay. I don't -- having read
11 the plaintiffs' response which I found very interesting and
12 useful -- I don't conceive that any of those answers will
13 control the decisions on the September 12th motions. But
14 that's for argument on the 12th without that memorandum being
15 considered. So you can take your time. A lot of those answers
16 will affect the way the trial preparation and trial goes
17 forward.
18     The only difficult problem posed is the collateral
19 estoppel problem, as I recall now, among those issues which
20 might make a difference on certification.
21     MR. GROSSMAN: Yes.
22     THE COURT: But I have tentatively decided not to
23 apply collateral estoppel even though an argument can be made
24 based on the Illinois case and possibly what will come down
25 from the Washington, D.C. case in view of the very extensive

Page 38

1 cigarette litigation, much of which has been won by the
2 defendants and because the material supporting other judgments
3 will possibly need to come before the jury as evidence in
4 connection with possible damages anyway. So I don't believe
5 I'm going to find favorably to the plaintiffs on that issue.
6 But we can discuss that further without extended discussion
7 now, unless you would like to.
8      MR. GROSSMAN:  No, Your Honor.  I appreciate the
9 additional time for that briefing.
10      THE COURT:  All right.  Is there anything else the
11 plaintiffs would like to add?
12      MR. HAUSFELD:  Other than to wish everyone a good
13 Labor Day holiday.
14      THE COURT:  Plaintiffs in accordance with their
15 usual genial nature wish everybody a good holiday and the
16 defendants respond in kind as does the Court.
17      Again, thank you, and have a lovely late summer
18 holiday.
19      MR. GROSSMAN:  Thank you, and thank you, again, for
20 your courtesy and response to the letter on such short notice.
21      THE COURT:  All right.  The hearing is closed.
22      (Proceedings adjourned as above set forth)
23           oOo
24
25

MARSHA DIAMOND, C.S.R.
OFFICIAL COURT REPORTER

| A | ANDREA 1:14 | balance 10:9 | called 9:12 | Cohen 11:19 29:17,18 |
|---|---|---|---|---|
| abandon 12:22 | answer 3:25 9:22 10:22 | BARBARA 1:3 | case 3:21 4:2,3 5:1 6:13 | 30:22 |
| abandoned 12:9 | answers 4:1 10:22 | base 7:5 | 7:1,15 9:20 10:17 | collateral 37:18,23 |
| ability 14:2 30:24 | 37:12,15 | based 8:13 15:22 18:10 | 11:5,16,23 12:7 | come 5:10 9:3 12:24 |
| able 4:13 6:7 20:14 | anticipated 15:19 | 18:14 19:11,23 20:23 | 14:10 17:2,11,14,15 | 23:8 24:4,7 37:24 |
| absent 12:19 | anybody 36:15 | 21:15,25 22:15 23:25 | 19:4 22:7,17,19 23:3 | 38:3 |
| Absolutely 15:7 | anyway 20:22 38:4 | 25:22 28:12,17 29:5 | 24:3,23 26:7 33:21 | comes 9:20 14:11 19:14 |
| absurd 25:9 31:13 | apparent 17:18 | 37:24 | 34:4,10,17,20,20 | coming 3:7 |
| action 22:8 23:18 | appeal 21:5 36:11 | basic 6:25 19:3 | 35:8 36:10 37:24,25 | committed 9:25 34:23 |
| actively 35:7 | Appeals 19:4,5,10,13 | basically 14:5 | cases 6:5,6 17:22 31:12 | common 10:6,7 |
| activity 29:11,12 | 19:15,16,18 21:4,9 | basis 4:15 11:9 15:14 | 36:5,7 | complaint 9:22 23:12 |
| add 24:18 35:4,22 | 21:13 23:13,20 | 16:1 17:3 20:11 | Catherine 27:22 | complete 4:19,21,22 |
| 38:11 | appearance 3:11 | 22:25 35:21 | cause 1:10 3:4 17:13,16 | 17:4 |
| added 11:12 34:10 | APPEARANCES 1:12 | bear 11:25 | 17:16,23 | completed 12:21 |
| addition 35:25 36:18 | appeared 34:12 | beginning 3:23 | certainly 19:2 26:9 | completely 20:19 21:22 |
| additional 5:2,22 6:18 | APPEARING 2:9 | behalf 25:2 | certainty 13:2 | computer 2:16 |
| 7:25 8:17 15:17 | appears 5:17 | believe 9:12,14 22:1 | certification 4:6,14 5:5 | conceive 37:12 |
| 18:17,20 21:1 23:5 | appellate 21:7,10 23:5 | 30:12 37:8 38:4 | 10:3 11:2,9,16,17 | concern 12:8 17:7 |
| 29:16 30:2 31:8 33:1 | application 19:10 | believes 29:5 | 13:20 14:8 15:21,25 | 33:11,15,17 34:7,14 |
| 38:9 | applies 16:25 | BENJAMIN 1:14 | 19:3,19 20:11 21:5 | concerned 21:13 33:20 |
| additions 33:21 | apply 37:23 | BENSON 2:6 | 23:2 24:24,25 25:1 | concerns 12:17 |
| address 9:13,18 17:1 | appreciate 3:7,15,20 | Bernick 2:11 16:17,17 | 27:14 28:17 31:21,22 | conclude 10:5 |
| addressed 17:3 22:21 | 18:5 38:8 | 16:20 17:7,25 18:3 | 32:1,2,5,13,20 37:20 | conduct 5:19 |
| addresses 11:3 24:8 | apprised 11:8 | 21:24 22:12 24:5,18 | certified 22:25 25:5 | conducting 6:19 |
| addressing 9:12 | approach 20:9 | 30:17 33:6,10,14 | CHADBOURNE 1:19 | conference 3:4,13 |
| adds 12:23 | approaches 6:14 | 34:7 36:3 | challenge 31:2 | confident 8:2 |
| adequately 34:24 | appropriate 7:22 13:12 | best 36:7 | chance 31:25 | conflict 29:1 |
| adjourned 38:22 | 23:1 33:6,11,12,24 | better 5:25 | change 7:6 23:17 | confronting 6:10 |
| administer 11:6 | 35:3 | Beyer 11:19 29:17 | changes 14:4 | conjoint 13:1,8,11,12 |
| administered 11:17 | approximately 14:14 | 31:15 | changing 6:25 | connection 17:22 22:5 |
| administration 11:14 | area 16:11,11 | beyond 17:10 21:2,12 | characterization 9:15 | 23:14 38:4 |
| admiration 27:18 | argue 8:1 33:1 | 24:1 | choose 29:8 | consider 18:23 20:21 |
| admit 11:22 | argued 4:14 32:6 34:4 | bit 11:22 34:2 | cigarette 6:2,11 31:12 | 20:21 22:4,7 26:3 |
| admitted 25:4 | 35:11 | Blue 6:4,4 14:19 | 38:1 | 30:5,9,23 31:6 32:1 |
| admonition 10:9 | argument 8:11 14:1 | boards 6:22 | cigarettes 7:3,3 13:9 | considerably 23:17 |
| advance 19:1 35:7 | 16:15 18:6,14,14,21 | boxes 30:10 | 14:18 25:6,6 28:13 | consideration 34:16 |
| adversarial 6:9 | 18:23 25:25 26:13 | bracket 21:18 27:5 | Circuit 19:4 | considered 15:17 16:3 |
| affect 37:16 | 37:14,23 | brief 4:13 5:4 15:22 | Circuit's 31:24 | 16:14 18:21 25:17 |
| affidavit 28:18 | arguments 11:4 34:8 | 20:14,18 21:1,18,22 | civil 1:10 3:4 36:6 | 27:6 31:14 35:13,24 |
| affidavits 11:13 | asked 4:17,22 10:15 | briefed 7:20,23 8:2,3,8 | claim 14:25 25:20 | 37:15 |
| affirmative 10:2 | 12:5,13 22:2,4 | 15:25,25 18:16 20:24 | claiming 15:13,16 16:9 | consistent 12:14 |
| ago 11:7 24:18 | asking 13:17 | 25:4,22 32:23 | claims 10:1 | constantly 6:21 |
| agree 31:23 32:9 33:3,4 | assessment 10:10 | briefing 7:7 15:19 38:9 | clarification 20:6 | constitute 22:17 |
| agreed 3:22 | assume 20:17 25:10 | Briefly 15:12 | clarified 25:12 | constitutes 16:5 |
| ahead 9:5 20:8 | 33:1 36:3 | briefs 15:14 18:8,10 | clarify 18:12 20:9 | constituting 11:8 |
| al 1:7 3:5 | assumption 25:12 | 20:1 | class 1:15,16 4:5,14 5:4 | constitutionality 11:3 |
| ALAN 2:3 | attached 10:24 | brings 33:22 | 10:3 11:2,9 13:20 | constitutionally 11:6 |
| allegedly 15:3 | attributed 13:15 | British 1:20 | 14:8 15:20,24 20:11 | contained 15:24 21:2 |
| allocated 28:12 | audio 13:24 | Broadway 2:7 | 21:5 22:8,25 23:2 | contains 21:1 |
| allow 22:7 26:7 | August 1:9 | Brooklyn 1:7 2:13 | 24:24,25 25:1,4 | contemplated 17:11 |
| allows 35:23 | available 12:6,17 | BROWN 1:14 | 27:14,23,25 28:13,17 | contended 12:10 |
| alternate 16:5 | Avenue 2:2 | Building 2:2 | 32:13,20 | context 14:10 |
| alternative 12:23 34:22 | aware 23:23 25:13 | builds 12:23 | clear 16:20,24 18:21 | continue 24:2 34:21 |
| amended 9:22 | awkward 11:24 | burden 11:25 32:4 | 24:5,23 26:20 31:18 | 35:4 |
| American 1:20 | a.m 1:9 | burdens 32:24 | CLERK 3:3 | continued 35:19 |
| amicable 6:7 | | buried 5:13 | client 16:24 | continues 22:19 |
| amount 4:12 5:16 6:2 | B | BURTON 1:18 | close 9:24 | continuing 34:18 |
| 28:14,14 35:6,6 | B 1:11 | B-E-Y-E-R 29:24 | closed 9:21 34:14,15 | contributing 13:3 |
| analyses 12:6 13:8,11 | back 4:3 22:18 23:19 | | 38:21 | control 24:2 37:13 |
| 13:12 14:25 | 24:4,7 32:6 36:17 | C | closer 9:4 | copy 21:18 |
| analysis 13:1 | background 14:15 | Cadman 2:12 | CMO 10:14 12:5,15 | correct 8:15 16:15,16 |

W0D7B4478

Case 1:04-cv-01945-JBW-SMG   Document 892-35   Filed 06/09/06   Page 13 of 17 PageID #: 58465

Page 2

30:20
costs 36:12
counsel 2:5,8 6:3,6 9:4 9:16 16:23
count 5:11
counted 14:23
couple 7:24 20:7 25:21
course 8:10 16:4,19 18:24 24:12
courses 29:10
court 1:1 2:12 3:1,6,18 4:18,20 5:9,11,22,23 6:18 7:14,17 8:4,9,12 8:17,19,24 9:3,8,12 9:17,20 10:5,7,8,15 11:21 13:10,22 14:12 15:5,8,10 16:13,19 17:6,24 18:2,4 19:3,5 19:9,10,12,14,16,18 20:8,17 21:4,6,8,8,13 21:17,21 22:4 23:8 23:10,13,20 24:12,21 25:1,8,15,17,25 26:3 26:6,10,16,19,22,24 27:2,6,12,16,25 28:3 28:6,9,23 29:2,7,18 29:20,22,25 30:5,16 30:18,23 31:2,5,8,20 31:25 32:9,15,21,23 33:8,12 34:6 36:4,22 37:10,22 38:10,14,16 38:21
courtesy 3:16 38:20
Courthouse 1:6
Court's 10:20 11:11,15
creates 35:5
critical 13:23
criticism 30:22,25 31:16
criticisms 31:19
Cross 6:4 14:19
cross-examine 31:5
crystal 24:23
current 6:15,20 15:19
currently 24:25 32:12
CV-04-1945 1:4
C-O-H-E-N 29:19

**D**

D 1:13
damage 4:3 7:5 28:12 28:19
damages 16:5 38:4
date 9:21,22
dated 5:11
dates 19:1
Daubert 14:9 31:3
David 2:11 16:17
Day 38:13
deadline 4:7
deadlines 4:25 5:3,3

deal 4:11 12:7 18:7 26:19 30:7 33:21 34:24
dealt 11:14 22:10 25:14
decide 18:9 19:2,13,19 20:23 21:14,24 22:9 23:21,24 26:8 32:15 33:8
decided 36:7,7 37:22
decides 19:18 23:1
decision 18:24 19:7 21:5,11 22:15 23:6 26:7 32:3 33:10 34:16
decisions 29:4,5,9 36:12 37:13
decision-making 29:12
deems 33:24
defendant 1:8,19 7:18 8:19 30:25
defendants 3:12 4:18 8:22 9:13,25 10:14 10:18,21 11:4,8,20 11:22 12:2 13:3,7,17 14:5,13 15:10 20:12 20:13 22:6 27:4,10 30:14,16,22 35:25 36:14 37:2 38:2,16
defense 31:19 32:13
defenses 10:2
definition 10:11
definitive 32:2
degree 13:1
delay 15:4 19:17,18 23:23
deliberation 33:25 34:20
delighted 24:12
denied 14:7 15:3
depend 19:9
depose 36:1
deposition 7:25
depositions 7:23 14:14 14:18,21
depriving 30:24
descriptor 13:4
designate 3:24
designation 4:8
designations 4:9,24
desire 33:19 34:21
despite 10:13 13:5
determine 22:24 23:20
determined 28:15
Diamond 2:12
difference 24:23 28:15 29:11 31:21 37:20
different 7:7 12:12 22:10 30:7
differently 20:3
difficult 6:13 16:13 18:5 37:18

direct 5:20
directed 10:20 31:18
direction 12:15
directly 7:17 11:14 30:22
disclose 13:10 15:2
discovery 4:12 7:9,13 9:21,24 10:12 24:3
discuss 38:6
discussed 20:16 36:17
discussing 28:16
discussion 36:22 38:6
disingenuous 14:11
distinct 29:12
district 1:1,1,11 6:12 31:25
Doctors 29:17
documents 8:13
dogs 25:16
doing 25:17 31:16
dollars 13:6
doubt 21:17
Dr 11:1 12:3,20 13:12 14:6 16:4 25:3 28:22 31:15
Drafters 36:6
driving 23:1
due 14:7 15:3,13,22 20:13,14 34:19,20
duplicative 28:25
D.C 1:17 37:25

**E**

earlier 5:19 10:12 12:21 24:22 25:10 30:3
East 2:12
Eastern 1:1 6:12
economy 6:14
edification 18:18
Effectively 23:5
effort 35:4
efforts 35:1
eight 5:13
Eisen 10:9
either 11:12
else's 25:23
embrace 25:2
embraced 24:24
energy 4:11
engaged 6:22
enormous 18:8
entered 4:4 10:14 11:18 12:5,15
entire 15:19
entirely 7:12
ESQ 1:13,14,14,18,22 2:3,4,4,8,9,10,10,11
essence 7:19
essentially 12:24 14:5 17:8 19:23 22:18

23:12 30:24 37:1
estoppel 37:19,23
et 1:7 3:5
eve 7:19
event 28:8
everybody 3:6 25:18 38:15
evidence 18:18 38:3
evolution 34:19
evolve 22:19
evolving 24:9
example 6:17 11:3 16:8 22:24
exception 11:1
excuse 8:9 17:24 18:2 20:17 21:6 25:8,25 26:16
exhibits 13:21 14:15,22
expand 24:19
expect 18:13
expectation 7:10
expense 4:11
experience 6:11 13:6 33:23
expert 3:25 5:12,19 7:11 8:17 11:12 13:11 14:13,13 16:12 17:19,20 27:3,8 29:1 30:23 35:10 36:18
experts 4:5,6,8,9,12 5:2 5:2,7,11,18,22 6:18 6:19,25 7:12 10:23 11:12,21 14:24 15:15 15:23 16:7,9,11 21:2 30:13,21,25 31:2,8 33:2 35:5,24 36:1,2
explicit 24:15
extended 38:6
extensions 7:25
extensive 37:25
extent 20:15 35:10
extra 6:25
extraordinary 4:12 5:23
extremely 6:13

**F**

faces 20:5
facing 34:8
fact 4:21 10:13 11:11 13:7 14:16 16:9 17:19 22:14,20 23:7 29:7 32:3 33:18
factors 13:3
factual 20:2 29:8
failed 5:20 15:1
fair 19:6 35:21 36:13
fairly 17:17
fairness 23:24
FALCONE 1:22
families 3:9

favor 19:12
favorably 38:5
February 4:4,10,16 5:7 15:15,21
federal 23:11
feelings 29:5
Felice 6:4
felt 10:3
fifteen 6:5
fifth 16:5
file 7:10 20:13
filed 5:5,6 8:7 15:20 16:3 23:13
files 21:8
final 32:2
find 12:11 24:11 32:5 38:5
FINKELSTEIN 1:16 1:18
first 3:15 5:15 7:14 15:23,24 19:9 33:15 37:8
five 5:5 32:13
fluid 23:12
footnote 5:13
forced 14:8
foresee 11:16
forth 5:2,7 16:6,11 32:6 38:22
forward 8:1,5,6,12 9:3 15:5 18:25 19:21,22 19:22 22:5 23:3,18 23:21 26:7 33:18 34:6 36:5,9 37:17
found 37:11
four 5:12
framed 17:8 35:11
frankly 35:5
fraud 12:19 13:3,16 25:7
FRIEDMAN 2:6
friend 14:3
frozen 31:10 34:3
frustrated 23:14
FTC 27:5
FTC's 16:10 27:10
full 17:4 21:11
fully 11:8 15:25,25 18:16 33:15
fundamental 17:2 19:7
further 14:15 17:10 19:8 24:8 33:21 35:1 36:16 38:6

**G**

G 1:22
GARNICK 2:10
general 19:11 23:18
generally 31:13
genial 38:15
getting 36:13

given 36:19
giving 34:1
go 6:22 8:1,4,6,12 9:5
    14:2 15:5 18:12,19
    18:25 19:21,22,22,24
    20:8 21:12 22:5
    23:21 24:1,6,14 26:7
    33:18 34:6 36:9
goes 6:20 23:3,18 31:7
    37:16
going 4:2,2 5:8 6:22 7:7
    7:11 18:6 20:10,19
    20:21,23 21:14,24
    23:20,23 24:1 25:8
    26:3,24 27:6,20 28:9
    28:11,16,18 29:2,3
    30:5,9,23 31:2,12
    33:1,20 35:16 36:17
    38:5
Gold 3:17,23 6:6 22:2
    26:9 32:7,8,10 33:22
    33:23 35:2,9,12,18
    35:23
Goldberg 11:19 29:17
    29:21 30:21
Gold's 4:1
good 3:1,6 9:7 18:7
    38:12,15
grant 22:5
granted 11:17,18
grasp 22:12
grateful 3:9
great 4:11,11 27:18
GREENBERG 2:1
GROSS 8:6
Grossman 2:9 3:2,2,14
    3:15,20 8:10,16,18
    8:23 9:1,10 15:11,11
    16:16 20:6,9,25
    21:20 24:17 25:19
    26:2,5,12,18,21,23
    27:1,3,8,13,22 28:2,4
    28:7,22,24 29:3,14
    29:19,21,23 30:1,12
    32:11,17,22 33:4
    35:22 36:16 37:21
    38:8,19
Grossman's 17:9
guess 22:13 34:25
guidance 34:2 35:9
guise 22:8

H
H 1:18
handing 28:20
handled 6:10 18:13
    28:8,9,11,16
handling 24:4
hanging 7:25
hate 18:4
Hauser 11:1 12:3,20

16:4,14 18:20 26:11
    34:12,13
Hauser's 14:6 25:3
    26:3
Hausfeld 1:13 5:12 9:4
    9:6,11,20 14:2 15:7,9
    15:12 30:20 31:4,7
    31:15 38:12
head 27:19
hear 8:24,25 9:1,2,8
    18:6,14,14 24:13
    25:25 32:19 33:9
heard 8:20 12:8,10
    15:12 16:17 17:12
    18:23 26:10 30:19
hearing 7:20 12:15
    14:8,9 15:4 31:3
    38:21
heart 13:18
help 33:13
helpful 24:16,17 27:20
HERTZFELD 1:14
heterogeneous 25:11
highly 6:9
hired 5:18
history 13:8
holiday 38:13,15,18
Holmes 23:22
Honor 5:14,25 8:18,23
    9:1 12:5,11 13:18
    14:11,23 15:9,12
    16:21 17:1,3,12
    20:25 21:20,24 22:12
    22:13,15,21,22,24
    23:1 24:7,10 25:19
    26:21 27:22 29:14
    31:17 32:11,17 33:24
    34:1 35:7,8,15,22
    36:16,24 37:2 38:8
HONORABLE 1:11
Honors 9:7
Honor's 10:25 12:8,14
    24:6 26:14 33:15,19
    34:15,19 36:20
hood 15:16
hundred 12:25
hundreds 14:16
husbands 29:8

I
idea 33:7
ideas 35:5
identified 10:1 11:19
    12:4 13:12 15:15,23
    24:20,21,22 30:13
identify 4:5 5:20 12:18
    13:7,13 27:4
II 6:4
ill 14:7
Illinois 37:24
illustrative 13:21

implicit 17:15
import 10:9
important 29:9
importantly 10:13
imposed 5:15
impossible 11:6
including 7:12 23:8
    25:14
inconsistent 7:16,17
incorrect 31:1
indicated 5:12 25:10
    31:23
indicating 9:3
individual 18:17 28:13
inexpensively 36:9
information 20:20
    23:25
inherent 23:15 36:5
initially 5:7
intellectual 29:11
intend 18:7
interesting 13:5 32:24
    37:11
interlocutory 19:19
interpretation 10:14
interrogatories 4:1
interrupt 18:4
introduced 12:24
Investments 1:20
involved 36:13
involving 14:17,24
    25:13
ironically 13:11
issue 8:20 19:19 23:3,8
    25:15 28:17 32:1
    38:5
issues 4:6,6 7:8 9:19
    10:6,7 12:7 17:1,2,3
    19:8 25:11 32:6
    35:11 37:19
item 10:17

J
JACK 1:11
January 4:3
JOANNE 2:4
JOSEPH 1:22
Judge 1:11 3:17,22 4:1
    6:6 18:13,19,23
    21:16 22:2,9 24:2
    26:8,9 30:6 32:7,8,10
    33:22,23 35:2,9,12
    35:17,23 36:10
judges 21:10
judgment 5:5 11:18
    14:10 22:6 28:20
    31:1,21,22 32:5,14
    32:14,19
judgments 38:2
judicial 21:12
July 15:21 36:22

implicit 17:15
June 5:19 26:15 36:21
    36:23 37:1
jury 32:7 38:3

K
KASOWITZ 2:6
keep 9:8 19:7 33:23
kind 34:18 38:16
Kinsella 11:14 27:23
    28:3 34:11
know 6:1,5,24 16:13,25
    18:4 20:22 21:7 23:6
    23:16 26:16 27:25
    28:9,10 29:7,10
    31:12 32:18 33:22
knowing 21:14
known 17:18,21,25

L
L 2:4
Labor 38:13
language 11:23
large 18:15 28:12
Larry 27:13
late 38:17
law 8:3 10:8 13:25
    29:10 31:13
lawyer's 33:2,4
leads 33:25
leaves 12:2
lectern 9:9
left 7:25
legal 20:1
length 34:4
letter 3:16 5:11,13 6:15
    24:21 29:15 38:20
let's 35:19
levels 32:25
levied 31:16
library 27:17,19
life 2:2 23:22
lifetime 28:18,19
light 7:3,3 12:18 13:4,9
    13:14 14:10,17 25:6
likelihood 10:10
list 5:10 24:6,10,14,20
listen 24:8
litigant 24:13
litigated 10:4 25:14
litigation 6:2,12 10:11
    22:11 23:11,16,23
    25:13 36:9 38:1
little 4:23 34:2
LLP 1:19 2:6
locked 20:18
long 34:25
look 12:5 14:12 21:9,9
    26:17
looked 12:12 32:16
looking 20:4
Lorillard 2:1

lot 37:15
loudspeaker 9:4,9
LOUGHRAN 1:16
lovely 38:17

M
Magistrate 18:13,19,22
    21:16 22:9 24:2 26:8
    26:9 30:6 32:7,8,10
    33:22,23 35:2,9,12
    35:17,23 36:10
magnitude 11:5 12:7
majority 7:4
making 6:12 18:24
    23:17
manage 11:6
manageability 28:5
manageably 28:8
management 4:4 5:1
    7:15 10:17 11:23
    17:11,14,15 34:4
mandate 19:6
manner 6:10,13
MANSFIELD 2:3
manufacturing 13:9
March 4:7,10 5:18,19
    15:16 21:3
marketing 13:9
Marsha 2:12
Mat 16:8 27:9
material 10:5 18:15
    20:20 21:2 25:2 26:4
    27:18 31:14 32:15
    35:12 38:2
materials 15:17 16:2
    18:8,10,11 22:10,16
    22:16 23:2,5 26:16
    30:10 31:9 32:16
matter 6:20 10:4 12:3
    14:18,19,19,19,20
    17:21 19:14,19 20:18
    21:16 22:7 23:19
    25:22 26:12 33:18
matters 6:8,22 17:12
    21:25 22:1,21 23:7
    34:16 35:14
MAUREEN 2:4
McLAREN 2:4
mean 27:2 29:9 31:11
means 12:17
mechanical 2:15
meet 5:1
MEL 2:10
members 28:13
memorandum 36:21,24
    37:1,5,14
merits 4:6,9 9:13 10:10
    10:10 32:1,3 36:8,14
met 2:2 4:25 5:3
methodology 15:1
MICHAEL 1:13 2:8

millions 13:6 25:16
mindful 33:19
models 7:5
modified 8:10
moment 16:18 24:18
Monday 37:8
money 28:20
months 11:7 13:5
morning 3:1,6 9:7
Morris 1:7 3:5
motion 5:4 8:1,2,7 11:2
  13:19 14:9 15:20,24
  16:3 18:10 19:3,17
  20:11 21:19 24:25
  26:14,17 31:22,22
  32:1,2,12,14,19,20
motions 4:14 5:5,6 7:20
  14:10,24 18:7 19:12
  23:25 31:11 32:13
  37:13
move 36:5
moved 10:8
moving 34:8
MURRAY 2:10
Myers 11:10,13 16:8
  17:18 27:9,16 34:9

N
name 28:23 30:14 34:8
named 30:13
nature 6:25 11:5 20:1,1
  23:11 38:15
NAW 6:4
necessary 33:20
need 6:21 27:25 28:10
  28:21 29:13 32:6
  33:1 37:4,5 38:3
needs 10:9
new 1:1,7,21,21 2:3,7,7
  2:13 5:10,17 6:11,12
  7:5,8,9,11,12,15 11:9
  11:12 12:16 16:2
  20:15,20 26:3 27:3
  31:14 34:13,21 35:4
  35:4,5,5,20,20,24
  36:1,18
nine 6:25 7:12
nodding 20:5
normal 33:2,4
noted 10:8
notice 11:14 21:12
  38:20
noticed 11:16
notified 27:24 28:1
number 22:19
numbers 12:12
NY 2:3
N.W 1:17

O
object 26:24

objecting 19:25 24:14
objections 10:18
obligations 27:10
observation 33:16
obviously 34:3,8 35:23
October 37:8
odd 11:22
offensive 9:14
offer 27:23 28:5
offered 12:1
officially 9:25
okay 15:8 26:2 32:22
  37:10
once 13:7
ones 23:8
ongoing 22:17
oOo 38:23
open 17:10,16
opinions 27:23 28:5
opportunity 12:1 17:4
  34:24,24 35:25 36:1
opposition 20:12
oral 14:1
order 4:4 5:1 7:16
  10:17 11:23 17:11,14
  17:15 18:9 34:5
original 8:7
ought 18:19
outmoded 31:24
outset 29:10
o'clock 1:9

P
P 2:8
page 5:4 14:22 36:19
pages 14:14,15,20
papers 19:23,24 25:24
Park 2:2
PARKE 1:19
part 18:15 21:4 32:18
participating 6:3
particular 37:7
particularly 13:8 16:4
parties 3:22 10:16,21
  12:5 14:25 19:7
  36:23
patience 24:6
Paul 28:22
Pavlov's 25:16
payout 28:5,7
peek 21:10
pending 18:6 21:25
  32:12
people 13:23 14:16
  25:16 27:19 29:4
  35:20
percentage 12:18 13:14
period 28:14
permitted 11:21
person 6:3
phase 22:10

Philip 1:7 3:4
phone 3:7 6:3 8:25
  13:23
piece 18:19,19 37:7
pieces 18:18
plaintiff 1:4,13 30:18
plaintiffs 1:15,16 3:24
  4:5,7,10,12,16,17,19
  4:24 5:4,6,8,17 6:5,6
  6:15,24 7:6,15,17,18
  7:24 8:2,8,25 9:15
  10:19,23,24 11:15,25
  12:4 13:10 14:13
  15:18,20,22,24 16:3
  16:6,8,23 17:19 20:5
  20:11,12,14 24:22,25
  25:2,20,24 27:8 28:7
  29:1,14 32:14 34:21
  35:24 36:14,18,19,25
  37:5,11 38:5,11,14
planning 5:21,22 29:16
  32:18,19
play 22:14
Plaza 1:21 2:12
please 9:5 26:22
point 8:20 15:2 23:4
  30:25 32:11 35:15
points 17:9 20:7
polls 6:19
population 25:11
posed 16:23 26:15
  36:21 37:18
position 5:24 9:14 11:7
  11:25 22:18 31:24
possible 12:16 35:21
  36:10 38:4
possibly 20:2 37:24
  38:3
posture 9:21
powers 23:13,19
practical 20:17
practically 20:18
practice 19:11 21:7
  23:16
precisely 12:20
precluded 18:22
predicates 20:2
predominate 10:7
prejudice 15:18 16:2
preparation 13:6 23:15
  31:10 37:16
prepare 6:13 35:20
prepared 8:4,6,12
  13:19,20,24 14:7
  15:5 16:21 19:21,21
  24:8
preparing 5:14,17
presence 14:6
present 5:21,23
presented 12:7
presently 10:18 16:24

Press 29:17
Presser 30:21
pressing 35:7
presume 7:9 25:15
presumed 7:2 25:5
presumption 25:9
pretrial 9:23 34:24
pretty 17:15
previously 6:17 12:4
  34:12
Price 14:18
principal 17:7,17
principally 31:19
principles 12:6,8
prior 19:11
probable 32:3
probably 19:17 21:22
  28:11
problem 17:17 23:10
  23:11,15 24:4 26:19
  36:4,7 37:18,19
problems 36:11
procedural 24:7
procedure 23:19 32:18
  36:6
proceed 5:14 14:8 15:3
  15:14 16:1,21 22:8
  26:22 34:20 36:10
proceeded 4:13
proceeding 9:23 20:10
  33:16
proceedings 2:15 6:9
  19:8 38:22
process 5:10 10:13
  14:7 15:3,13,19 34:2
produced 2:16
professional 6:8,10
  37:3,6
Professor 11:2,7 27:13
proffered 8:14,14
  11:10 18:12
promptly 33:17,19
promptness 3:16
proof 11:25 32:24
proposal 24:10 34:1
protecting 21:13
prove 4:2
provide 35:9
provided 5:1,2 36:19
psychologist 28:22,24
psychology 29:4
pulled 7:19
purchase 7:4 13:16
purchased 25:6 28:13
purchaser 25:5
purchasers 7:3
purely 29:11
purport 17:20
purported 25:7
purports 27:3,9
purposes 4:8 8:11

22:17 30:9 31:11
  34:15,17,23 35:13,24
pursue 34:21
put 9:4,9 16:11,21 37:3
putting 16:6 19:7
P-R-E-S-S 29:23

Q
question 11:5 16:20,23
  24:8 25:4 32:24,24
  35:18
questions 3:25 5:20
  10:15,20,20,25 11:11
  11:15 22:14 25:10
  26:15 36:20
quiet 22:13
quite 29:12

R
raise 26:13
raised 10:18 11:4 31:19
raises 32:11
rational 29:6
reached 11:18
reaches 22:15
reaching 22:22
react 25:16
read 18:15 31:9 37:10
reading 18:7
real 34:14
reality 12:10
really 13:17 16:24 17:8
  17:17,20 33:25
reason 9:17 15:4
reasonable 6:14
reasons 18:25
rebuttal 5:1 11:20,20
  11:24
recall 37:19
received 4:9 8:13 19:5
recognized 36:6
record 17:4,10 18:12
  21:3,4,8,11,12,25
  22:15,17,19,20 23:4
  24:9,15 26:20 30:20
  31:10,18 33:21 34:3
  34:10,14,19 35:4,17
  35:19
recorded 2:15
records 35:10
Redfern 11:13 28:4
  34:11
reduce 36:12
reference 22:16,22
  23:2
reflect 10:12
regard 5:6 7:13 21:1
  27:9 30:21 36:23
relate 11:1 12:3 22:20
related 26:13
relates 20:20

W0D7B4481

relation 23:19
relationship 13:15
reliance 4:3 7:2,2 12:9
  12:11 13:2,15 25:6
  25:24
relied 5:15 7:5 21:15
  24:1
relief 5:9 7:22
rely 12:18 20:14
relying 22:1
remark 9:12
remember 14:2
reply 10:22 15:22
  20:12,14,18 21:1
report 11:12 12:2,2,3
  14:6,25 18:20 21:3
  25:3 31:17 35:14
Reporter 2:12
reports 5:13 7:11,12
  8:17 9:23 11:20,20
  11:24 14:13,13 29:17
  30:2,3,4 31:18 35:16
  35:20,24 36:18
represent 4:21
representations 7:16
  7:18
represented 4:20 6:17
representing 6:15
reproduced 21:22
request 7:14
require 10:11 20:19
  32:2
requirements 16:10
requires 32:4
resisted 4:24,24
resolution 22:23 35:8
respect 10:3 17:23
  18:11,17,22 22:3
  25:11 30:8 31:15
  34:9,10 35:14
respond 10:22 12:1,16
  13:19 14:1 15:10
  17:5 30:22 37:1,4,8
  38:16
responded 10:16 14:4
  15:21
responding 3:16 31:16
  31:19 37:7
response 5:4,20 8:21
  10:19,24,24 11:4,11
  11:15 16:22 36:20,23
  37:5,11 38:20
responses 9:25 26:14
responsibilities 37:3,6
resulted 35:14
results 36:13
reverse 31:25
review 23:6
rewrite 20:19 21:22
Richard 28:4
right 3:12,18 8:18 9:9

14:4 21:20,23 23:12
  26:5,18 28:2,11
  29:10 30:18 36:25
  38:10,21
rising 30:18
Rockefeller 1:21
rosa 21:12
ROSENSTEIN 2:8
round 34:25
rule 23:18 30:8,8,8
  36:8
rules 13:10 36:6
Rule-Makers 23:20
rule-making 27:10,11
ruling 4:1
rulings 23:14,17

S
SAXL 2:4
saying 4:25 11:23
  13:18 14:5 20:4
  24:18 35:1
says 12:24
scales 15:2
schedule 3:21 5:14,15
  33:24
schedules 6:8
scheme 28:5,7
school 13:25 29:10
Schwab 1:3 3:4
Schwartz 14:20
scientific 12:6 13:2
  20:2
scientifically 13:14
  25:15
Scott 14:18
screen 14:4,5
second 19:4,9 26:12
  31:23
see 16:14
seeing 18:5
seeking 5:9
seen 20:22,24 30:1
sense 17:10
September 4:15 7:20
  8:5,7,13 13:19 15:6
  16:1,15,22 17:12
  18:6,21 19:1,21,22
  19:23 20:23 21:15,17
  21:19 23:6,21,25
  26:1,6,13,17 27:7
  30:6,9 31:10,14
  32:12 34:17 37:4,13
set 3:21 5:2,7 14:3
  38:22
settlement 11:18
seven 14:14
shape 24:3
Shield 6:4
short 38:20
shortness 23:22

show 21:18
showing 17:13,16,16
  17:22
side 9:19
sides 14:24 19:20
Simon 6:4 19:4
simple 28:17
simply 34:19 35:15
single 25:13 36:20
sir 3:3
six 32:14
skill 33:25
slippage 34:18
Slovic 11:19 28:22
  29:13 30:21 34:12
smokers 7:2 12:18
  13:14
smoker's 28:18
sole 12:3
somewhat 10:8 14:11
  23:14 32:4
some-odd 36:19
sorry 18:1,3
sought 17:10
spaced 36:20
speaks 32:17
spell 28:23 29:18
spend 3:8 28:18
spirit 6:16
stages 32:4,25
standards 27:5,14
stands 22:16
started 3:3
stated 29:15
statement 24:22
States 1:1,6,11 14:19
status 1:10 3:4 9:23
  11:2
stay 19:16 23:4 35:18
stayed 19:8
stays 19:12
stenography 2:15
STEPHEN 2:4
Steward 13:12
Stewart 2:10 30:23
Stewart's 30:25
Stop 25:8
stream 35:19
Street 1:17
strenuously 4:24
stricken 7:21 21:19
studied 29:4
study 12:21
sub 21:12
submission 4:16 5:18
  10:19 30:6
submissions 4:18,20,22
  6:20 7:15 17:5 20:15
  22:3
submit 29:16 36:2
submitted 5:3 9:24

12:2,22 15:15 17:21
  19:23 22:2 29:16
  30:3,4 35:11
submitting 6:25
subsequent 23:14
subsequently 23:7
substance 11:1
substantial 7:4 13:2
  15:18 19:17
successor 28:19
suddenly 14:7
sufficient 10:5
sufficiently 10:4
suggest 20:25
suggestion 24:7
suggests 24:13
summary 5:5 14:9 22:6
  31:21,22 32:5,13,14
  32:19
summer 3:8 36:24
  38:17
supplement 4:7 35:1
supplemented 23:4
supplied 18:8,8
supply 18:9
support 11:9
supporting 38:2
supposed 4:15
sure 6:21 15:12
surprise 7:19
survey 12:14,16 13:13
  25:2 29:8
surveys 5:19,21 12:12
  12:13,23
swiftly 36:9
S-L-O-V-I-C 28:24

T
take 4:11 21:12,18,19
  23:3,8 35:2,18 36:11
  36:25 37:15
taken 6:16 7:23 11:7
  19:3
talk 33:2,4
talking 8:22 10:23
target 34:8
technique 13:13
techniques 13:25
Ted 3:2,15 15:11
TELEPHONE 2:9
tell 27:17 28:10,10 33:2
  33:9
telling 4:1 5:9 20:23
  21:14
tens 14:20,21
tentatively 37:22
terms 12:25
testified 14:17 18:1
testify 16:10 27:9,14
testimony 14:21 16:12
  25:3 28:25 29:1

thank 3:6,14,21 8:24
  9:6 15:8,9 38:17,19
  38:19
THEODORE 2:9
theories 15:23 17:5
  34:22,22 35:4
theory 12:22,23 16:5
  23:1 24:23,24 25:1
  25:23,23
thing 7:14 16:25 28:21
  36:16
things 14:1
think 6:16 7:22 9:18
  12:25 13:18 18:18
  19:6 21:21 22:12
  24:5,10,15,21 25:9
  25:18,20 30:17 31:12
  33:13 36:8
THOMPSON 1:16
thought 24:18
thoughts 29:6
thousand 14:14
thousands 14:15,20,22
three 32:4,17,25
time 3:8,10 4:13,17,19
  4:23 5:16 6:1 12:21
  19:2,2,25 23:12 31:9
  31:9 33:11,16,17,20
  35:15 36:13 37:7,15
  38:9
timely 22:1
times 4:22 36:13
timing 36:22
tips 15:2
tobacco 1:20 25:13
today 20:16 24:22 37:1
told 19:20 21:16
tomorrow 15:22 16:1
  20:13,14
TORRES 2:6
transcript 1:10 2:16
transcripts 14:21
TRAURIG 2:1
treated 20:3
tremendous 5:16 6:2
  35:6,6
trepidation 33:7
trial 4:8 18:22 22:5,18
  22:20 23:15,15,16
  24:3 26:8 31:23 32:5
  33:18 34:23 35:13,20
  35:25 37:16,16
trials 14:17
Tribe 11:3,7 17:25
  27:13,13,16 34:10
true 16:4,6 26:8
twenty-two 14:23
two 19:5
Typically 17:14

U

| | | |
|---|---|---|
| ultimately 25:20 | week 19:6,24 | 1633 2:7 |
| uncertainty 35:6 | weeks 25:21 | 18 4:9 7:24 |
| underlying 11:1 | WEINSTEIN 1:11 | |
| understand 7:6,8,8 8:4 | we'll 18:12 | **2** |
|   8:9,13 16:10 17:6 | we've 5:14 7:23,23 | 2nd 37:9 |
|   20:4,10 23:10 25:21 |   11:19 13:20,25 17:8 | 200 2:2 |
|   31:17,20 33:15 34:12 |   19:1 36:17 | 20007 1:17 |
|   36:4 | who've 14:16 | 2005 1:9 |
| understanding 21:10 | Wilkenfeld 11:10,13 | 225 2:12 |
| understood 25:18,19 |   17:18 26:23 27:16 | 23(f) 19:10,12,16 23:13 |
|   37:2 |   34:9 | 26th 6:18 36:22 |
| unique 9:21 | Wilkinson 16:8 | 28th 4:4,7 5:7 15:16,16 |
| United 1:1,6,11 14:19 | win 8:3 28:10 |   15:21 21:3 |
| universal 7:1,2 12:11 | winked 15:16 | |
|   25:24 | Winky 14:3 | **3** |
| universality 12:9,19,22 | wish 26:17 38:12,15 | 3rd 37:9 |
| unprofessionalism 9:15 | wishes 8:19 30:19 | 30 1:21 |
| unquestionably 6:24 |   36:15 | 30th 1:17 |
| unreasonable 21:21 | witnesses 3:24,25 7:24 | 312 1:9 |
| use 13:3,24 |   10:25 11:11 14:17 | |
| useful 37:12 |   16:9 17:19,20 22:3 | **4** |
| usual 38:15 |   27:20 | 40 36:19 |
| utilized 15:1 | wives 29:8 | 401 30:8 |
| | won 38:1 | 403 30:8 |
| **V** | work 5:16 6:7 35:5,6 | 42 14:13 |
| value 24:11 28:15 |   35:16 | |
| various 4:22 | worked 3:22 4:10 | **6** |
| venture 33:7,8,14 | | 6th 26:15 36:21,23 |
| verdict 28:12,19 | **X** |   37:1 |
| versus 3:4 | X 1:2,9 | |
| viable 17:2 | | **7** |
| video 13:24 | **Y** | 702 30:8 |
| view 7:13 30:7 36:24 | year 3:23 | 718-330-7687 2:13 |
|   37:25 | years 19:5 33:23 | |
| violate 7:15 | yesterday 5:12 29:15 | |
| violation 15:14 | York 1:1,7,21,21 2:3,7 | |
| virtually 7:24 |   2:7,13 6:12 | |
| visit 14:3 | | |
| visual 13:25 | **Z** | |
| voice 9:8 | zero 12:25 | |
| | | |
| **W** | **1** | |
| waited 19:5 | 1st 15:22 | |
| want 3:8,21 9:18 15:10 | 100 5:3 | |
|   16:14,23,24 17:2 | 10019-6799 2:7 | |
|   18:25 19:24 21:19 | 10112 1:21 | |
|   24:9 26:16 31:8,10 | 10166 2:3 | |
|   31:13 32:18 33:8,9 | 1050 1:17 | |
|   34:14,14 | 11:00 1:9 | |
| wanted 3:12 26:12 | 12th 4:15 7:20 8:5,7,13 | |
|   31:17 36:7,8 |   13:19 15:6 16:1,15 | |
| wants 19:18 21:9 |   16:22 17:12 18:6,21 | |
| Washington 1:17 37:25 |   19:1,21,22,23 20:23 | |
| wasteful 6:23 |   21:15,17,19 23:6,21 | |
| way 4:3 6:7,8 10:6 17:9 |   23:25 26:1,6,13,17 | |
|   23:18 24:4,9 25:16 |   27:7 30:6,9 31:10,14 | |
|   28:16 29:9 32:6 34:1 |   32:12 34:17 37:4,13 | |
|   34:25 35:9 37:16 |   37:14 | |
| ways 27:23 28:25,25 | 13 7:11 | |
|   29:6 | 15 23:18 | |
| wayside 5:8 | 16 14:13 | |